THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENNY DAVIS, Defendant-Appellant.

(No. 53003;

First District—January 27, 1971.

Albert Koretzky, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer Kissane and Michael Bolan, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This appeal arises out of defendant Benny Davis' conviction of bribery after a jury trial in the Circuit Court of Cook County on October 20, 1967. Defendant-appellant was sentenced to the penitentiary for a term of three years to three days and a day and fined $1000.00. He appeals on the grounds that (1) the State did not prove the offense of bribery had been committed; (2) the admission into evidence of testimony concerning the altercation accompany the arrest was prejudicial; (3) the prosecutor's closing argument was so prejudicial as to deny the defendant a fair trial; and (4) the sentence was excessive.

The testimony at trial was that Police Officer George Aguado assigned to the 19th District in Chicago, received a call at 10:30 A.M., on Sunday, October 19, 1966, to go to 1427 W. Belle Plaine Avenue. He went to that address in a marked squad car and when he arrived a Mrs. Gall came out of the house located at that address and pointed out a 1960 brown Oldsmobile located in her driveway. The front end of the car was on private property and the rear end from the front door hinge on back blocked the sidewalk. The officer also observed that a window on the driver's side was broken, the lock button was up and the ignition was broken. The officer started the car without a key and backed the car out of the driveway onto the street so that Mrs. Gall could back her car out and go to church. Mrs. Gall did back out and left the scene. While the

officer was double parking the car across the street, he heard the defendant shout, "What are you doing?" The officer informed defendant that he was going to have the car towed because it was illegally parked with a broken ignition and an unlocked door. The following conversation took place:

"DEFENDANT: You can't do that because it is mine.

OFFICER: If it is yours, may I see your license or your registration.

DEFENDANT: I haven't got it.

OFFICER: I couldn't let you have it without the proper identification.

DEFENDANT: Well, it's my car and I am the owner.

OFFICER: I'm sorry, but I can't give it to you.

DEFENDANT: It's my car, but do you mean I can't have it, you are not going to do it."

The officer returned to his squad car and while he was calling for a tow, defendant got into the back seat of the squad car. The officer told the defendant he could not sit there. Then the conversation continued as follows:

"DEFENDANT: Don't tow the car, I have $5.00 for you if you forget about it and give me the car because I have a business deal Monday.

OFFICER: Would you repeat that, I didn't hear you.

DEFENDANT: (While holding five one-dollar bills in his hand) "Here, just forget about it.

OFFICER: Are you stating to me that if I do not do my duty, you will give me $5.00 for not doing it?

DEFENDANT: Yes.

OFFICER: You are under arrest for attempting to bribe a police officer and obstructing justice."

While the last part of the conversation was going on the officer held one end of the five bills and the defendant held the other. The officer got out of the car with the communication microphone in his hand to request an assist car while he locked the defendant inside the squad car and leaned up against the rear door. Defendant begin shouting, trying to unlock the car and push it open. Moments later the assist car arrived and Officer Aguado let defendant out and began searching him for weapons. Defendant then said, "you are not searching me or touching me", and pushed Officer Aguado. The officer from the assist car ran towards defendant and attempted to restrain him while defendant was kicking and pushing the assist car. Defendant then ran towards his own car but the officers grabbed him and handcuffed him after a short scuffle. Defendant was transported to the 19th District State in a squadrol, and Officer Aguado followed in his own car. Officer Aguado testified that in the station defendant was shouting and became beligerent, and he in-

formed defendant he would remain handcuffed. Defendant replied that if he were free for five minutes he would knock the hell out of the cop. Aguado then testified that the defendant said:

"I will knock the hell out of you and any other Dago; I knocked the hell out of three Dagos already and you wouldn't be the first one."

Defense witnesses testified to the effect that they saw Officer Aguado draw his gun during the incident on the street, which Officer Aguado denied.

Defendant alleges that the evidence was insufficient to prove the crime of bribery in that it failed to show (1) that the officer acquired lawful jurisdiction over defendant's automobile; (2) that the officer was authorized to tow the automobile; and (3) that the tender of the money was made with intent to influence the officer in his official capacity. Officer Aguado and a defense witness testified that the car partially blocked the sidewalk. Section 27—311 of the Municipal Code of the City of Chicago provides:

"(a) It shall be unlawful for the operator of any vehicle to stop, stand or park such vehicle in any of the following places . . .

(9) At any place where the standing of any vehicle will block the use of any driveway;

(10) On any sidewalk;"

■■ Under these circumstances Officer Aguado was authorized to order the vehicle to be towed. Section 27—360 of the Municipal Code provides:

"Members of the police department of this city are hereby authorized to remove a vehicle from any public way * * * under the circumstances herein enumerated.

(3) When any vehicle is left unattended upon any public way and is so parked illegally as to constitute a definite hazard or obstruction to the normal movement of traffic."

Section 27—200 of the Municipal Code defines 'Public Way' as: "Any sidewalk, roadway, alley or other public thoroughfare open to the use of the public, as a matter of right, for purposes of travel, excepting bridle paths."

The 1960 brown Oldsmobile obstructed a public way and blocked access to another public way, the street.

■■ With regard to the intent with which defendant tendered the five dollars, we find that the State proved that the five dollars were tendered to influence Officer Aguado in the performance of his official duty. Aguado's testimony was corroborated by the introduction into evidence of the five one-dollar bills taken from defendant.

■■ On the questions of the admission into evidence of testimony concerning the altercation accompanying the arrest and the allegedly

prejudicial nature of the prosecutor's closing argument, we reject defendant's contentions. We find defendant's arrest and the threats and slurs directed toward Officer Aguado were parts of a single transaction that need not be severed and consequently were properly admissible. We also find the prosecutor's closing remarks to the effect that the good name and reputation of all members of the Chicago Police Department was on trial did not exceed the bounds of proper and fair comment on the evidence.

Defendant's final contention is that the sentence of three years to three years and one day, plus a fine of $1000.00 was excessive and not justified by the record. Ill. Rev. Stat. 1965, ch. 38, sec. 33—1 provides, with respect to penalty, as follows:

"A person convicted of bribery shall be fined from $1,000.00 to $5,000.00 or imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to five years, or both fined and imprisoned."

The State proceeded against the defendant on a felony charge rather than a misdemeanor, even though the amount of the bribe involved was $5.00. At the hearing on aggravation and mitigation the State introduced evidence of defendant's four prior felony convictions for robbery, armed robbery, carrying a concealed weapon and burglary. The trial court then imposed the aforementioned sentence which was within the statutory mandate.

■■ Supreme Court Rule 615, Ill. Rev. Stat. 1969, ch. 110A, sec. 615,(b)(4), confers upon this court the power to reduce the punishment imposed by the trial court. The Illinois Supreme Court has held that "where it is claimed that the punishment imposed in a particular case is excessive, although within the limitations prescribed by the legislature, that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois constitution." *People v. Hampton* (1969), 44 Ill.2d 41, 48, 253 N.E.2d 385. In *People v. Freeman* (1969), 113 Ill.App.2d 7, 251 N.E.2d 310, a case involving aggravated battery where the defendant was sixteen at the time, this court held a sentence of not less than four nor more than four years and one day to be excessive and reduced the sentence to one to four years on review. In *People v. Jones* (1968), 92 Ill.App.2d 124, 235 N.E.2d 379, a case involving involuntary manslaughter, this court reduced the minimum sentence from six years to three years.

■■ We are of the opinion that the case at bar is an appropriate one for the exercise of our power found in Supreme Court Rule 615(b)(4). We believe the sentence and the fine is greatly at variance with the pur-

pose and spirit of the law. This is not a situation of a well planned and thought out crime. It is also not an example of recidivism, as the State contends. Accordingly, we reduce defendant's minimum sentence from three years to one year and the maximum sentence from three years and one day to one year and one day and quash the $1000.00 fine.

Judgment modified and affirmed as modified.

BURMAN and DIERINGER, JJ., concur.