THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAY H. TAYLOR, Defendant-Appellant.

(No. 55026; 

First District—September 15, 1971.

Gerald W. Getty, Public Defender of Cook County, of Chicago, (Saul H. Brauner, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (William Hedrick, Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Jay H. Taylor, appeals from a sentence of five to ten years in the State Penitentiary, imposed after a hearing for violation of probation in the circuit court of Cook County.

The defendant, then aged eighteen, was indicted for burglary and theft after he allegedly broke into an office of an automobile dealer and took three sets of car keys, two and one-half sets of dealer plates, and then stole a car valued at $1800. On July 14, 1969, he pleaded guilty to the charge of theft and was sentenced to four years' probation, the first six months in the House of Correction considered served. At that time the court admonished the defendant:

"THE COURT: Now, don't come back here for four years.

&ast; &ast; &ast;

THE COURT: You will start out with 9 to 10 years if you come back. Do you understand?

THE DEFENDANT: Yes, Sir.

THE COURT: All right, four years probation, six months considered served."

On August 15, 1969, the defendant was convicted of criminal damage to property and was sentenced to serve 90 days in the State Farm at

Vandalia, with 21 days considered served. This last conviction was the result of an incident occurring on July 23, 1969, in which the defendant was apprehended after attempting to enter the rear door of an automobile dealership. At a hearing for probation violation on October 14, 1969, the defendant was sentenced to serve five to ten years in the State Penitentiary.

The issue on appeal is whether the sentence was too severe, and the defendant suggests that this court reduce the sentence pursuant to Supreme Court Rule 615(b) (4).

■■■ It is argued that a sentence of five to ten years is excessive because the State's Attorney only recommended two to five years and because of the defendant's youth. Of course, the court is not bound by the recommendation of the State's Attorney and must use his own judgment when imposing sentence. The defendant relies on *People v. Lillie* (1967), 79 Ill.App.2d 174; *People v. Jones* (1968), 92 Ill.App.2d 124; and on the recommendations of the American Bar Association Project on Minimum Standards Relating to Sentencing Alternatives and Procedures. The court in *Lillie* analyzes the need for rehabilitation of criminal offenders and the harm which excessive minimum sentences may accomplish. Nevertheless, it does recognize the rule of *People v. Taylor* (1965), 33 Ill.2d 417, that the power granted reviewing courts to reduce sentences is to be applied with "considerable caution and circumspection." It also recognizes that there is a risk of recidivism and a need to protect society: "Inherent in the parole system is the risk of recidivism, * * *. Society's safeguards against recidivism is the power of the parole authorities to terminate the conditional release and return the offender to prison."

In the case at bar the impending power to terminate his conditional release had no effect upon this defendant. Just nine days after receiving probation as a sentence for stealing from one automobile dealership, he was apprehended trying to break into another. He has demonstrated that the safeguards are not sufficient to warrant the risk of his committing more crimes. The judge was candid when granting Taylor probation after his first conviction. He was warned that upon returning he would receive nine or ten years—he knew what to expect but chose to ignore the admonition.

In the American Bar Association Project on Minimum Standards Relating to Sentencing Alternatives and Procedures, it was recommended to the legislature that: "In order to preserve the principle of indeterminacy, the court should not be authorized to impose a sentence which exceeds on-third of the maximum sentence imposed." In *People v. Jones* (1968), 92 Ill.App.2d 124, the court found these principles to be sound and applied them to that case. However, in *People v. Smythe*, decided April

28, 1971, this court stated: "We do not believe the courts are or should be bound to this or any other mathematical formula and agree with the court in *People v. Scott* (1969), 117 Ill.App.2d 344, where it is said that it should be 'a guide and not as a hard-and-fast rule.'"

In the instant case the judge imposed a sentence within the statutory limits (Ill. Rev. Stat. 1969, ch. 38, par. 16—1, 117—3(d)), and we do not believe he abused his discretion.

For these reasons the judgment is affirmed.

Judgement affirmed.

ADESKO, P. J., and BURMAN, J., concur.