The People of the State of Illinois, Plaintiff-Appellee, *v.* James Mays, Defendant-Appellant.

(No. 74-50; <span></span>

Third District—July 18, 1975.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, and Marshall Douglas, of Moline, for appellant.

David DeDoncker, State's Attorney, of Rock Island (Bernard Rivkin and F. Stewart Merdian, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury found defendant, James Mays, guilty of armed robbery, the circuit court of Rock Island County sentenced him to a term of from 2 to 6 years in the penitentiary. On this appeal the only assignments of error relate to final argument of the State's Attorney.

Defendant was charged with the armed robbery of a filling station in Rock Island, Illinois. The station attendant and his girl friend identified defendant as being one of the three persons committing the offense. Also testifying on behalf of the People was the defendant's brother who admitted being one of the participants in the crime and who identified the defendant and another brother as the other participants. Defendant did not testify but proffered the defense of alibi. He presented the testimony of a neighbor lady and his 11-year-old daughter in support of his claim that he was at his house at about the time the crime took place.

During the final argument the prosecutor made the following statements:

"Now, to acquit Mr. Mays you are going to have to convince yourselves, you are going to have to have a reasonable doubt that these three people who testified here are wrong. You are going to have to second guess. You weren't there. You are going to have to second guess them and sit here and say to yourselves I know James Mays didn't commit that crime. You will have to acquit him. You are going to have on your conscience the fact that a man who has robbed a service station of $700 that you are putting him back on the streets. You must have a reasonable doubt if you are going to acquit this particular person. Three people who were there testified that they saw him, and I will submit to you that their demeanor, and certainly the demeanor of Collette Gingery and Thomas Sikardi are good. They are the kind of people you would like and want to believe.

MR. DOUGLAS: I object to Counsel's injecting his own personal views of people you should like or want to believe.

COURT: Overruled. This is an observation.

\* \* \*

[Prosecutor]: There was no doubt that when he saw him he had long hair on, and we know that picture is a fair and accurate picture, but you are going to have to be convinced that these people were mistaken in what he looked like and that Terry Mays was a liar. On the other hand, he has brought in two alibi witnesses, and I ask you if you were accused of such a serious crime, and you would as well be no matter what the truth, but if you are eyeballed like this, you might want to bring in a couple people, but does that put a reasonable doubt in your mind to acquit a person? Well, if that's it, then that's what the verdict will be, and Mr. Mays can then go out on the street again. Thank you."

Based on the foregoing portion of the final argument defendant contends he was denied a fair trial because such argument failed to accord him the presumption of innocence to which he is entitled, shifted the burden to him to prove his innocence, and finally, implied that he was guilty of other offenses contrary to the facts and evidence. Admittedly, the objectionable argument constituted only a small portion of the prosecutor's total closing argument, the remarks were not objected to and the jury was properly instructed on the burden of proof.

In our opinion the arguments by the prosecution detailed above did include improper statements. Regardless of the prosecution argument that such statements were related to a proper definition of reasonable

doubt, the plain import of the argument is that the jury must know the defendant is innocent before they should acquit the defendant. This goes far beyond the effort to define reasonable doubt condemned in an instruction in *People v. Cagle,* 41 Ill.2d 528, 244 N.E.2d 200, and illustrates the problem created where efforts are made to define reasonable doubt. Although perhaps not to the same extent, the argument also suggests some duty on the part of the defendant to establish the reasonable doubt as in *People v. Weinstein,* 35 Ill.2d 467, 220 N.E.2d 432. Also see *People v. Adkins,* 16 Ill.App.3d 394, 306 N.E.2d 709, regarding the impropriety of suggesting that the defendant will be back on the streets again, thereby indicating the commission of other crimes when there was no evidence of other crimes.

The question nevertheless remains whether the errors were prejudicial requiring a new trial or may be regarded as harmless when considered with all the evidence and hence not requiring reversal. In our opinion the harmless error rule as stated in *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824, is applicable, and in our opinion we believe beyond a reasonable doubt that the error was harmless. The portion of the final argument referred to was only a small part thereof, and it is undisputed that in other portions of the argument the burden of the State to prove the defendant's guilt beyond a reasonable doubt was clearly enunciated together with the accompanying observation that the defendant was not required to prove anything. It was undisputed that the jury was correctly instructed, and in view of the evidence in the case we do not believe that the objectionable argument affected the jury's determination. Defendant was positively identified by the victim of the crime and by his girl friend and was also positively identified by one of the participants in the robbery. The testimony of defendant's alibi witnesses was impeached, and under such circumstances we are convinced the objectionable argument had no significant impact on the verdict of the jury. For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.