THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL MOSTERT, Defendant-Appellant.

(No. 74-270;

Third District—January 9, 1976.

. James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (F. Stewart Merdian and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Michael Mostert, was convicted of bribery following a jury trial in the Circuit Court of McDonough County. He was sentenced to pay a fine of $300, and placed on two years' probation, conditioned on first serving 30 days in the county jail. The issues presented in this appeal are (1) whether the bribery statute is unconstitutionally vague, (2) whether the trial court improperly refused to give an instruction requested by defendant, (3) whether certain comments in the prosecutor's closing argument were improper and (4) whether the sentence was excessive.

The sole witness at the trial was Trooper Noel Oliver. He testified that on October 26, 1973, he had set up a "speedtrap" on a blacktop road located in McDonough County. He clocked defendant's automobile at an excessive speed and flagged defendant over to the side of the road. The officer advised defendant that he was going to be issued a speeding ticket and explained the various ways defendant could post bond. During this time, defendant made several unsuccessful requests that he be issued a warning ticket. Defendant then indicated that he would post a cash bond and was told by the officer that defendant should follow him to the nearest town to deposit the cash bond in a mailbox. At this time, defendant put a ten dollar bill in his left hand, stuck it out the car window in front of the trooper and asked if there wasn't some other way of handling the matter. The trooper then arrested defendant for the crime of bribery.

The relevant portion of section 33—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 33—1) reads as follows:

"§ 33—1. Bribery.) A person commits bribery when:

(a) With intent to influence the performance of any act related to the employment or function of any public officer, public employee or juror, he promises *or tenders* to that person any property or personal advantage which he is not authorized by law to accept; * * *." (Emphasis added.)

As both parties agree that no promise was involved, the jury must have found that defendant tendered property to Trooper Oliver. It is defendant's contention that "tender" is unconstitutionally vague and uncertain. In an attempt to buttress his argument at the post-trial hearing, defendant presented the testimony of an assistant professor at Western Illinois University who, after reviewing the history of the word, concluded that "tender," as used in the statute, is archaic and seldom used or understood in contemporary society.

The Supreme Court, in *Giaccio v. Pennsylvania* (1966), 382 U.S. 399, 402-03, 15 L.Ed.2d 447, 450, 86 S.Ct. 518, explained the concept of constitutional specificity as follows:

"[A] law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case."

See also *People v. Vandiver* (1971), 51 Ill.2d 525, 283 N.E.2d 681.

We do not agree with defendant's assertion. Black's Law Dictionary (4th ed. 1951) initially defines "tender" as "an offer of money." Webster's New Collegiate Dictionary (1974) defines "tender" as "to present for

acceptance" and as "an offer or proposal made for acceptance." We note also that defendant does not contend that he was unaware that his conduct was prohibited by this statute.

■■ Terms of a statute may be made certain and definite by prior judicial construction. (*People v. Williams* (2d Dist. 1967), 79 Ill.App.2d 56, 222 N.E.2d 915, and cases cited therein.) In *People v. Wallace* (1974), 57 Ill.2d 285, 290, 312 N.E.2d 263, our Supreme Court described the completed offense of bribery as follows:

> "As applicable to this appeal, the offeror violates the bribery provisions of section 33—1 when he promises or tenders to a public official property the official is unauthorized to accept, with intent to influence the conduct of that official * * *. The *mere offer* or promise with the requisite intent is sufficient to constitute the completed offense of bribery." (Emphasis added.)

See also *People v. Davis* (1st Dist. 1971), 130 Ill.App.2d 1047, 268 N.E. 2d 179, where the facts were very similar to the instant case.

■■ Accordingly, we are persuaded that the statute is not so uncertain or vague as to be constitutionally infirm. We believe the statute adequately informs the public as to what conduct is prohibited and sufficiently establishes standards for enforcibility. A statute need not be expressed with mathematical certainty, and is constitutionally valid if it reasonably delineates the proscribed conduct. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L.Ed.2d 222, 92 S.Ct. 2294; *People v. Witzkowski* (1972), 53 Ill.2d 216, 290 N.E.2d 236.

Defendant next contends that the trial court improperly refused to give the following instruction offered by defendant:

> "When I use the term 'tender' I mean a readiness and willingness accompanied with an ability on the part of one of the parties. [*sic*] To [*sic*] do the acts which the *agreement* requires him to perform, provided the other will do concurrently the things which he is required to do by it." (Emphasis added.)

Defendant argues that his instruction, which requires an underlying agreement, is supported by a long line of Illinois cases beginning with *Clark v. Weis* (1877), 87 Ill. 438.

■■■ We need not consider this alleged error. Defendant has not abstracted all the instructions, including those given and refused. (*People v. Bell* (1972), 53 Ill.2d 122, 130, 290 N.E.2d 214; *People v. Daily* (1968), 41 Ill.2d 116, 121, 242 N.E.2d 170.) We note briefly that the cases cited by defendant to support his offered instruction are concerned with "tender" in a narrow contractual setting of mutual and concurrent promises, and, as such, are clearly distinguishable. See also *People v.*

*Wallace*, where our Supreme Court discussed what constitutes the completed offense of bribery.

Defendant next argues that portions of the prosecutor's closing argument improperly appealed to the jury's community interest to convict him. The comments to which defendant refers were essentially concerned with preserving the reputation of the arresting officer and protecting the public trust and confidence in law enforcement officers in general.

■■ We have reviewed the comments and do not believe that they exceed the bounds of proper argument or were of such a nature as to be deemed prejudicial to defendant. *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L.Ed.2d 136, 91 S.Ct. 1658; *People v. Davis.*

Defendant also contends that certain remarks in the prosecutor's closing argument constituted an improper reference to the fact that defendant did not testify at the trial. He refers specifically to the following comments:

> "You have only the testimony of the officer. You have no other testimony at all as to what actually occurred and I think you are going to have to take that for the truth, of what was said, the officer's version of it. That is all you have before you."

And during the State's rebuttal:

> "I wasn't there. Defense counsel wasn't there. The defendant was there. Noel Oliver was there. But you twelve people were not there * * *. I ask you, where is the testimony? Where is the evidence? Where is the evidence that shows that the defendant handed or waived this bill under the officer's nose for the innocent purpose of, here is the first installment on this bond. We don't have it. There isn't any evidence * * *. Where is the testimony of the innocence of these statements? There isn't any. The only person that testified is this officer * * *. He was there. He saw. He heard, and he has testified. He is the only one who has testified. It appeared to him, and you have only his testimony that the actions of the defendant amounted to a bribe."

Defense counsel did not object to these comments when made, but moved for a mistrial at the close of the arguments.

Although a prosecutor may properly remark on the uncontradicted nature of the State's case (*People v. Norman* (1963), 28 Ill.2d 77, 190 N.E.2d 819), a direct comment on the failure of the defendant to testify violates a well-established principle of law. (*People v. Wollenberg*

(1967), 37 Ill.2d 480, 229 N.E.2d 490.) In *People v. Mills* (1968), 40 Ill.2d 4, 8, 237 N.E.2d 697, our Supreme Court stated:

"An appropriate test in deciding whether such closing argument violated the defendant's right to remain silent under section 155—1 of the Code of Criminal Procedure was set out in *Watt v. People*, 126 Ill. 9, 32, as whether 'the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify?' "

See also *People v. Chellew* (2d Dist. 1968), 104 Ill.App.2d 100, 243 N.E.2d 49.

■■ In the instant case many of the comments were in response to defense counsel's argument to the jury suggesting innocent explanations for defendant's conduct. From our examination of the record we conclude that defense counsel provoked a part of the State's improper argument. (See *People v. Weisberg* (1947), 396 Ill. 412, 429, 71 N.E.2d 671; *cert. denied*, 331 U.S. 826, 91 L.Ed. 1842, 67 S.Ct. 1318.) However, we believe that the remarks exceeded proper bounds, and could have better been left unsaid. However, after carefully reading the record, we are convinced that the evidence at trial is susceptible to but one interpretation. We do not believe that the jury could have reached any other verdict, nor do we believe that the jury would have reached a different verdict had the remarks not been made.

Under the rule of *Harrington v. California* (1969), 395 U.S. 250, 23 L.Ed.2d 284, 89 S.Ct. 1726, and *Chapman v. California* (1967), 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824, such error may be harmless beyond a reasonable doubt if it did not contribute to defendant's conviction. We find that it did not. *People v. Tate* (1970), 45 Ill.2d 540, 259 N.E.2d 791, *cert. denied* (1971), 401 U.S. 941, 28 L.Ed.2d 222, 91 S.Ct. 944; *People v. Holman* (4th Dist. 1974), 19 Ill.App.3d 544, 311 N.E.2d 696.

Defendant's contention is that the sentence of a $300 fine and 30 days' incarceration in the county jail is excessive and improper.

■■ On the basis of the record, we cannot say that the imposition of a fine for this offense is excessive, nor do we believe that the trial court abused its discretion in this regard. However, the State correctly concedes that the 30-day jail sentence was improper. Although the applicable statute (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—3(d)) has been amended, effective July 1, 1974, to allow imprisonment for up to six months as a condition of probation, at the time of defendant's offense only periodic imprisonment could be imposed as a condition of probation. (*People v. Grant* (1974), 57 Ill.2d 264, 312 N.E.2d 276; *People v. Braddock* (1st Dist. 1974), 17 Ill.App.3d 73, 308 N.E.2d 74.) Therefore,

the order of probation is modified by eliminating the condition that defendant serve 30 days in the county jail.

Accordingly, the judgment of conviction of the Circuit Court of McDonough County is affirmed as modified.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.