THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES SUTTON, Defendant-Appellant.

Third District   No. 75-217

Opinion filed January 31, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

740

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a jury trial in the Circuit Court of Tazewell County, the defendant, James Sutton, was found guilty of armed robbery and was sentenced to a term of not less than 10 nor more than 20 years in the Illinois Department of Corrections. This appeal followed.

On September 19, 1974, at approximately 10 p.m., three armed masked men robbed the Hilltop Tavern in Creve Coeur, Illinois. One of the robbers, David Moore, was apprehended as he fled the scene. A fourth man, Mike Travis, who drove the car used in the robbery was also arrested. The other two robbers escaped but were later arrested and identified as Tom Layne and the defendant Sutton.

Defendant presents two issues which he phrases as follows: (1) Whether he was denied a fair trial and due process of law when the prosecution, over objection, introduced before the jury certain evidence relating to an alleged conspiracy to commit murder which was wholly unrelated to the offense for which defendant was on trial; (2) whether it was reversible error for the State, during closing arguments to comment adversely on the defendant's failure to produce certain witnesses who were equally accessible to the prosecution.

At the trial accomplice David Moore testified at length for the State. He identified those who had participated in the robbery with him as Tom Layne, Mike Travis, and defendant James Sutton. He admitted several prior convictions and admitted an agreement with the State on his plea of guilty to armed robbery. His wife Anita May Moore also testified for the State admitting that in return for her testimony she had been granted immunity. She testified to several meetings between Layne, Travis, Sutton, and her husband regarding plans for the robbery. She also arranged with the others for Moore's bail and set up a meeting at her home for that purpose, which Sutton attended.

The objectionable testimony was that of David Moore. In addition to his testimony that defendant was involved both in the planning and execution of the Hilltop robbery, Moore related in great detail the substance of several meetings which occurred after the robbery between the four participants with others present. Moore stated that there was some discussion that Andy Schott was aware of the robbery and that they believed Schott was a police informant, who might have set them up by going to the police before the robbery. Moore stated that it was concluded among the group, including defendant, that Andy Schott was too dangerous and he would have to be killed. When asked specifically who said this Moore replied, "I don't know who, which one of us said it. I

think it was—It was each one of our own. We each said it at one time or another * * *." Moore continued by testifying that an attempt was later actually made on Andy Schott's life. At that point the defense objected to the testimony on the ground of relevancy to the crime charged and moved for a mistrial. The defendant argued that the testimony was so highly prejudicial and inflammatory that an instruction by the court could not cure the damaging results especially in light of a recent news media report on a bomb being planted on the car of Andy Schott which was defused by a police bomb squad. The court sustained the objection to the testimony and instructed the jury to strike it from their minds, and denied the defense motion for a mistrial.

■■ The generally accepted rule is that evidence of the commission of other crimes committed by an accused is inadmissible, and incompetent. (*People v. Gregory* (1961), 22 Ill. 2d 601, 177 N.E.2d 120.) The reason the law distrusts evidence of the commission of other unrelated crimes is because the jury may infer that a person who commits other crimes is an evil man who very likely may have committed the crime charged. However, several exceptions to the general rule that evidence of unrelated crimes is inadmissible in a trial on another charge do exist. The exceptions operate when the evidence of unrelated crimes takes on a particular relevancy to the crime being tried. Examples of when the relevancy of the unrelated crime outweigh any possible prejudice which may result are when the unrelated crime places defendant in proximity as to time and place of the crime charged, when the unrelated crime aids in establishing identity, or tends to prove design, motive, knowledge, or modus operandi, or in any case when evidence of the unrelated crime is so closely connected with the main issues of the crime charged as to justify admission. See *People v. Scott* (1968), 100 Ill. App. 2d 473, 241 N.E.2d 579; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. Therriault* (1976), 42 Ill. App. 3d 876, 356 N.E.2d 999; *People v. Cruz* (1976), 38 Ill. App. 3d 21, 343 N.E.2d 227.

The instant case does not fall clearly within any one of the established exceptions to the general rule of evidence of unrelated crimes being inadmissible. Nevertheless, we are not convinced that the evidence presented by David Moore's testimony was offered to demonstrate the defendant's propensity to commit a crime. Quite to the contrary the questioned evidence did aid in establishing the identity of the defendant and his close association with the other participants in the robbery. The testimony of David Moore, self-admitted accomplice who himself was captured at the scene, becomes more credible by the addition of this believable detail of his story. The armed robbery and the attempt to cover it up are closely related and interdependent.

● 2 Defendant contends that David Moore's testimony was so

prejudicial and inflammatory that the court's instruction for the jury to disregard it could not cure the resulting prejudice. Defendant cites *People v. Maria* (1935), 359 Ill. 231, 194 N.E. 510, and *People v. White* (1937), 365 Ill. 499, 6 N.E.2d 1015, for the proposition that prejudicial remarks to which the court sustains an objection cannot be erased from the jury's memory by an instruction to disregard the remarks. The United States Supreme Court recognized that it would be a naive assumption to assume that the prejudice caused by presenting certain information to the jury can be cured each time by a trial court's instruction but added, "It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information." (*Bruton v. United States* (1968), 391 U.S. 123, 135, 20 L. Ed. 2d 476, 484-85, 88 S. Ct. 1620, 1627.) The cases cited by defendant all involve evidence more likely to result in arousing the jury's prejudices and passions than the evidence in the case at bar and are therefore distinguishable. We believe that any error that occurred in the jury hearing the objectionable testimony was harmless error in light of the trial court's timely instruction to disregard it. The weight of the evidence was against defendant and with the proper instruction no prejudice so substantial that the result would be different occurred. No reversible error is present. *Chapman v. California* (1966), 386 U.S. 18, 17 L. Ed. 2d 705; 87 S. Ct. 824; *People v. Mays* (1975), 30 Ill. App. 3d 461, 333 N.E.2d 6.

Defendant's final claim of reversible error concerns the prosecutor's comments during closing argument. The defense did not put any witnesses on the stand. During his rebuttal closing argument the prosecutor called the jury's attention to the fact that defendant had failed to call several witnesses in his own behalf. While it is ordinarily improper for the State to comment unfavorably upon the failure of the defendant to produce witnesses, it is not improper when clearly invited by the defense counsel's improper comments during his closing argument. (See *People v. Fleming* (1965), 54 Ill. App. 2d 457, 203 N.E.2d 716, *People v. Mostert* (1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.) In the present case the defense counsel referred to the meeting at David Moore's house where the participants in the robbery and several other persons were present immediately after Moore was released on bail. He stated that David Moore's sister-in-law, Kathy Collins, was present at this meeting but had not been called by the State to testify, intimating that the reported conversation of the robbery participants had not in fact taken place. In his rebuttal closing argument the prosecutor responded that defense counsel could have called Kathy Collins to testify if he wanted to, but he had not, and that she was not in the courtroom during the trial. In addition, the prosecutor stated other witnesses to that meeting and conversation at Moore's house were present in court but also had not testified. He

identified these other witnesses as defendant's mother, Beth Sutton, and defendant's father. The prosecutor further commented on failure of any police officer to testify in contradiction to the testimony of David Moore.

■■ We do not hesitate to label such arguments by the prosecutor as improper. Under proper circumstances, where substantial prejudice results to an accused and the statements have a high likelihood of affecting the outcome of the trial, we would be quick to conclude that defendant is entitled to a new trial. Where, however, as here, defense counsel has clearly provoked the improper comments by his own improper closing argument, he cannot now claim error. *People v. Mostert* (1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.

For the reasons stated the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.