THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD FORGIE, Defendant-Appellant.

Third District   No. 77-385

Opinion filed June 30, 1978.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal was instituted by the defendant, Donald Forgie, from his conviction, after a jury trial, of burglary with intent to commit rape. For this offense, the defendant was sentenced to a term of imprisonment of not less than 1 year nor more than 3 years. The defendant was acquitted of burglary with the intent to commit deviate sexual assault.

The only issue raised in this appeal is whether the defendant was denied a fair trial because of alleged improper comments made by the prosecutor during rebuttal to the defendant's closing argument. In relevant part, the remarks claimed to be prejudicial were:

> "We have the burden of proof. We have a mountain to overcome before we can convict someone. That's our system of justice. I happen to agree with it. I don't want to put a guy, convict a guy, who may be innocent. I do want to convict a guy if he is guilty. Society deserves to be protected."

At the time the prosecutor made this statement, the defendant objected and informed the trial court that a motion would be made at the close of the trial. Apparently, because the defendant indicated a motion would be later made, the trial court made no ruling on the objection. The defendant's subsequent motion was a motion for mistrial in which it was claimed that the State's argument was improper and highly prejudicial because the prosecutor expressed an opinion as to the guilt of the defendant. This motion was denied.

■■■ As a general rule, the prosecutor may not interject his opinion or personal belief of the defendant's guilt into the trial proceeding, but can only argue that the evidence warrants a conviction. (*People v. Provo* (1951), 409 Ill. 63, 97 N.E.2d 802.) It is improper therefore for the State's Attorney to use his personal and official prestige to warrant the truthfulness of the State's witness (*People v. Bolton* (3d Dist. 1976), 35 Ill.

App. 3d 965, 343 N.E.2d 190) or to get before the jury what amounts to his own testimony (*People v. Bitakis* (1st Dist. 1972), 8 Ill. App. 3d 103, 289 N.E.2d 256). However, where the remarks of the prosecutor are induced by the improper argument of the defendant's attorney, the defendant can not complain unless he was denied a fair trial by reason of the prosecutor's argument. *People v. Bolton* (3d Dist. 1976), 35 Ill. App. 3d 965, 343 N.E.2d 190.

Prior to the argument of the State, the defendant's attorney argued that he had previously been a prosecutor and he knew of the vast investigative power of the State, that as a defense counsel he knew the "feeling" of the State against the individual, and that he practiced law more than 20 years, tried a lot of cases and represented a lot of people. Thereafter, in referring to the defendant's testimony, the defense counsel "testified":

> "But he takes the oath seriously. In fact, I dare say I haven't seen very many people—. But yourselves. Would you have gotten on the stand knowing what the case is? Would you have gotten on that stand and said, 'I wish I could remember, but I can't.' So easy to do that. But he didn't, which tells you something about his character. He could have, as I said, stated that. He would have made my position a heck of a lot easier. I'll tell you that."

By making these statements, the defense counsel was utilizing his prestige as a former prosecutor and a long-time practising attorney to vouch for the truthfulness of his client's testimony. Therefore, the allegedly improper remark of the prosecutor, was in response to and provoked by the improper argument of the defense counsel.

■■ Moreover, the evidence adduced at trial is susceptible to only one interpretation given the clear and convincing testimony of the victim that the defendant, without her permission, entered her house in the dead of night, accosted her and demanded sexual intercourse. This testimony, in great part, is corroborated by the testimony of police officers who, responding to the victim's telephone call reporting a prowler, discovered the defendant in the victim's home, observed him jump through a bedroom window in an attempt to escape, and apprehended the defendant after he knocked himself unconscious in an attempt to jump over a four-foot-high retaining wall.

The defendant's testimony was that he had been drinking at a tavern and then he doesn't remember anything until he awakened the next morning in the hospital. As a result, the denial of the defendant's motion for a mistrial based upon the allegedly improper comment of the prosecutor during rebuttal argument was, beyond a reasonable doubt, harmless error at worst. *People v. Mostert* (3d Dist. 1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.

Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.