**People of the State of Illinois, Defendant in Error, v. Samuel Roger Fleming, Plaintiff in Error.**

Gen. No. 50,065.

First District, Fourth Division.
December 31, 1964.
Rehearing denied January 27, 1965.

Irwin D. Bloch, of Chicago (Bellows, Bellows & Magidson, of counsel), for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and George W. Kenney, Assistant Attor-

neys General, Elmer C. Kissane and Donald J. Veverka, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of the crime of armed robbery. He was sentenced to the penitentiary for a term of 10 to 25 years. While it appears that the facts were disputed in the trial court, defendant here does not question the sufficiency of the evidence to support his conviction. In this court he has chosen to limit his argument to one point; namely, that allegedly inflammatory and prejudicial remarks of the state's attorney during closing argument deprived defendant of a fair trial and, thus, constituted reversible error.

 Since the allegations of error (except for one minor point) have not been properly preserved for our consideration on this appeal, and in consequence may be considered as having been waived, a short review of the evidence supporting the conviction is necessary in order to determine whether such alleged errors merit our attention notwithstanding this important defect.[1]

---

[1] After a jury trial, all nonjurisdictional allegations of error which are not properly objected to during the trial or not asserted in the written motion for a new trial are deemed to have been waived and need not be considered by the reviewing court. People v. Greer, 30 Ill2d 415, 197 NE2d 22 (1964) ; People v. Gratton, 28 Ill2d 450, 454, 192 NE2d 903. There are exceptions to the general rule, but they lie within the discretion of the reviewing court and are not mandatory. As the Code of Criminal Procedure provides, "Plain errors or defects affecting substantial rights *may* be noticed although they were not brought to the attention of the trial court." (Emphasis supplied.) Ill Rev Stats 1963, c 38, § 121–9(a). Without setting out in full the conditions upon which

On June 10, 1962, sometime after 2:00 a. m., a Chicago Transit Authority bus depot was robbed of approximately $35,000 by a masked man and two accomplices. The masked man wore a C. T. A. uniform cap and carried a revolver in his hand.

Aaron Wilson, who was identified during the trial as one of the two accomplices, testified for the prosecution that the man wearing the mask was the defendant. Wilson carried a shotgun during the robbery, and held four C. T. A. employees in the depot clerk's office while the money was being carried out in sacks.

Willie Lee Davis, a companion of the defendant and witness for the prosecution, testified that he was invited by the defendant to take part in the robbery about a year before it actually occurred; that the defendant showed him a map of the depot to be used for the purpose of committing the robbery; that the defendant said he would wear a mask during the robbery; and, that on the evening preceding the robbery, he (Davis) and another party were with the defendant and were told by him to come to the depot about 2:30 a. m., June 10, in order to carry out the robbery, but that he backed out at the last moment.

Other witnesses testified that just two days before the robbery the defendant procured a revolver which was identified during the trial as the one used in the commission of the crime.

---

a reviewing court will exercise its discretion and consider errors not brought to the attention of the trial court, we may say that the key factors are the closeness of the case, the conduct of the trial judge, the extent to which questionable evidence may have contributed to the guilty verdict, the fairness of the trial in general, and the magnitude of the errors alleged. See People v. Bradley, 30 Ill2d 597, 198 NE2d 809 (1964); People v. Sprinkle, 27 Ill2d 398, 189 NE2d 295 (1963); People v. Bybee, 9 Ill2d 214, 222, 137 NE2d 251 (1956); People v. Moore, 9 Ill2d 224, 231, 232, 137 NE 2d 246 (1956); People v. Nowak, 372 Ill 381, 24 NE2d 50 (1939).

Defendant himself was a bus driver for the Chicago Transit Authority until a week before the robbery, when he was suspended from work because his chauffeur's license had been revoked. Consequently, he was familiar with the interior of the depot and the procedure used in handling the money. Furthermore, he possessed a driver's uniform which was necessary in order to gain entrance into the depot at night, and which, according to the testimony, he was wearing on the night of the robbery.

By way of alibi, the defendant and several of his relatives testified that he was home from 6:00 p. m. of the evening preceding the robbery until approximately 7:30 a. m. the next morning. The State met this evidence with the testimony of three bus drivers who were acquainted with the defendant, having worked with him for several years, and who testified that they saw him at the depot about 7:00 or 7:30 p. m. on the night of the robbery.

We observe that the State's proof was ample to prove guilt beyond a reasonable doubt and that the defendant's alibi was refuted by three witnesses who were not concerned with the outcome of the case. The evidence was not closely balanced. We note also that none of the errors alleged is of sufficient magnitude to justify reversal of defendant's conviction. Consequently, we do not think it necessary to consider those errors which were not properly preserved for appeal. Having been briefed, however, we shall comment on some of the points which have been argued most extensively to indicate that the result would have been the same even if all points raised here had been correctly made in the trial court.[2]

---

[2] Several allegations of error, which were not asserted in the post-trial motion, will not be considered because they are either not plain or do not involve substantial rights of the defendant.

█ We shall first consider the only point raised in this court which was supported by a timely objection in the course of trial and included in defendant's post-trial motion. During closing argument the state's attorney stressed the point that after being arrested defendant was able to post bond of $10,000 even though he had testified he was in debt at that time for $1,400. The defendant contends that the effect of this argument was to create the inference in the jury's mind that the defendant must have committed the robbery or he would not have had the money necessary to pay the cost of the bond. A timely objection was made by the defense counsel. The trial judge sustained the objection and instructed the jury to disregard the remark.[3] We believe that the error, if any, was curable by this procedure, especially since the defendant had testified he was out on bond. United States v. Wright, 309 F2d 735 (7th Cir 1962).

██ The defendant further argues that the mere mention of defendant's indebtedness is error. With this contention we cannot agree. Although it may have been improper to discuss the indebtedness in con-

For example, the defendant contends that the state's attorney said in closing argument that a certain witness present during the robbery identified the defendant as the masked man when in fact he had not, although another witness had done so.

Similarly, the State's reference to Ladd Davis as a convicted dope peddler, whether error or not, could not have disparaged the defendant's character in the eyes of the jury other than perhaps cumulatively, since they already knew of his association with a convicted criminal (i. e., Willie Lee Davis, a drinking companion of the defendant who had been convicted and sent to the penitentiary twice for robbery and for the sale of narcotics).

[3] We have some doubt as to the impropriety of the argument. It is argued by the State that it was a legitimate answer to defendant's evidence that after the robbery, when defendant was hiding with his relatives in Kansas, he had to borrow money to pay his train fare back to Chicago.

junction with the posting of bail, there can be no dispute that the fact was in evidence and relevant to show a possible motive.

■ Two of defendant's allegations of error involve remarks of the state's attorney which under ordinary circumstances might well be error but which in the instant case we find to have been proper comment on the improper argument of defense counsel. During closing argument, defendant's counsel posed questions to the jury as to why the prosecution had not produced Ladd Davis (a codefendant not on trial because of a severance), whether they were hiding something in not putting him on the stand, and why they didn't want the truth to come out, etc. The state's attorney properly replied that the defense had an equal opportunity to call the missing· party to the stand. He went further, however, and said that Ladd Davis was in jail and had already signed a confession. But even this was not error, under the circumstances. In People v. Barber, 342 Ill 185, 173 NE 798, the Supreme Court held that a similar response by the prosecution to a similar question by the defense was not error. In that case the prosecution replied that the missing party was in jail on a plea of guilty. We see no significant difference between the instant case and the Barber case.

■ ■ During closing argument, counsel for the defense made several remarks which insinuated that the witnesses for the State were in league with the prosecution to conspire against the defendant and to commit perjury. The facts actually being alluded to were that two witnesses for the State (Wilson and Davis) received or were to receive probation and dismissal, respectively, in consideration for their testifying. In reply to these accusations by the defense,

464

the state's attorney argued that the testimony of the witnesses was consistent with previous statements made by them to the police. This argument was improper and may be considered as error. However, since these remarks were made only in reply to improper comments of defense counsel, we find that they did not constitute reversible error. In People v. Hayes, 23 Ill2d 527, 179 NE2d 660, the prosecutor argued to the jury that they could be sure that if any State's witness had testified contrary to any previous story told by him, the earlier statement would have been read to the jury by defense counsel. In this regard the court said, at pages 531–532:

> The record shows that in his final argument the defendant's counsel accused the State's witnesses of perjury, and argued that the State's witnesses had seventeen months to think up their lies with the guidance of the police. This argument by defendant's counsel was improper and the prosecutor had a right to reply to it. One cannot provoke a reply to his own improper argument and then claim error. (People v. Weisberg, 396 Ill 412.) The prosecutor's argument was a legitimate reply to the defendant's accusation that the police had been guilty of subornation of perjury, and defendant, having provoked this reply, is in no position to complain.

■ Defendant's final contention is that the state's attorney committed reversible error when he told the jury in closing argument that the defendant had hired two attorneys to represent him at a time when he was supposedly in debt and therefore unable to afford their services. The inference to be drawn from this argument presumably was that defendant's

465

legal fees were paid out of the proceeds of the robbery. The presence of the two attorneys was, of course, apparent to the jury throughout the trial.[4] Although this line of argument was not objected to by the defense, we are of the opinion that it is plain error involving the right of a defendant to be represented by private counsel. We therefore conclude that we should consider the point, but believe that it is effectively disposed of adversely to the defendant by the language of the Supreme Court in People v. Bond, 291 Ill 74, 125 NE 740, which, at page 79, is particularly appropriate to the case at bar: [5]

Such breaches of professional propriety tend to prevent a fair trial and deserve the censure of the court. In cases where the evidence is close and the verdict may have been obtained by such improper means a new trial should be granted. In this case the plaintiff in error was proved guilty beyond a reasonable doubt. The jury could not have reached a different verdict from a consideration of the evidence, and upon a consideration of the whole record the judgment ought not to be reversed for the improper action of the State's attorney.

Since we are of the opinion that the evidence is not close and that the State has proved its case beyond a reasonable doubt, we will not reverse the decision on the basis of this error, nor do we consider the record as a whole to require that the decisions

---

[4] The attorneys for defendant in the trial court are not the ones representing him on this appeal.

[5] The closing argument in Bond was stronger than in the instant case. There the prosecutor said that the defendant had "employed five of the cleverest lawyers money could get paying them in this one case probably fifty times the salary of the assistant State's attorney for a year."

of the jury and the trial judge be overturned. The judgment and sentence of the trial court are, therefore, affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.