People of the State of Illinois, Plaintiff-Appellee, v. Leo Lagardo (Impleaded), Defendant-Appellant.

Gen. No. 49,911.

First District, Second Division.

April 11, 1967.

Thomas L. Nicholson and David L. Lange, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

Leo Lagardo, the defendant, his wife Laura and Isaac James Oshana were indicted jointly for the crimes of theft and burglary. This is an appeal by defendant, Leo Lagardo, from a conviction for the offense of theft in a trial before a jury. On the burglary charge, the jury found defendant not guilty. Defendant was tried alone. After a guilty verdict for the offense of theft, the trial judge sentenced defendant to a term of six to ten years in the State Penitentiary. (In this regard the common-law record is in error wherein it recites the sentence to be for a term of eight to ten years.)

After the guilty verdict and entry of judgment thereon, defendant made motions for a new trial, in arrest of judgment, and to vacate the sentence imposed, all of which were denied and from which this appeal is taken.

The evidence revealed that a coach house occupied by complainant, Paul McAllister, was burglarized on November 8, 1962. Coindictee, Oshana, was subsequently arrested at 2:45 a. m. that same day at his home, where numerous items belonging to the complainant were found on his person. Oshana was then questioned by police authorities who thereafter with Oshana proceeded to the apartment occupied by defendant and his wife, Laura. Announcing their presence, the door to the Lagardo's one-room apartment was opened, revealing to the officers, certain items identified as belonging to the complainant in open view at the foot of the bed. Having been given a description of the burglarized property, the officers proceeded to seize it and to arrest defendant and his wife. The aggregate value of the goods stolen was much controverted, being in the neighborhood of $150.

It is defendant's theory of the case (1) that defendant was deprived of his constitutional right to be apprised of the nature of the charges brought against him in that the indictment recited a different form of theft from that which he was tried for and convicted, (2) that the trial judge erred in denying defendant's motion for a substitution of judges and change of venue, (3) that the State did not sustain a burden of proof sufficient to support the conviction obtained or the sentence imposed, (4) that reversible error was committed by the court in admitting certain matters into evidence and allowing the prosecutors to make prejudicial remarks regarding defendant, and (5) that the consecutive sentence imposed by the trial judge was excessive and unjust.

It is the State's theory of the case (1) that defendant has failed to preserve his objections, as to his right to remain silent, as to the alleged defective indictment, as to the ruling on his motions for substitution of judges and change of venue, and as to the severity

122

of the sentence imposed, by his failure to raise these objections in his motion for a new trial, (2) that certain evidentiary matters were properly admitted into the trial because they were relevant, (3) that the evidence supports the verdict, and (4) that certain alleged prejudicial remarks made by the prosecutors were but responsive statements to earlier arguments by the defense counsel.

Though defendant raises many issues, this court feels that a single issue is dispositive of the relief sought by defendant in this appeal; to wit, the propriety of the ruling which denied defendant's motions for substitution of judges and change of venue without a hearing.

The State is correct in asserting that defendant has failed to include in his motion for a new trial any objection to the ruling on the pretrial motions. We do not believe, however, that he has thereby been precluded from arguing such an alleged defect before this court. Our Code of Criminal Procedure, section 121–9(a), dealing with causes on appeal, states:

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court. [Ill Rev Stats (1963), c 38, § 121–9(a)].[1]

 While the general rule is that nonjurisdictional matters not included in a defendant's motion for a new trial are deemed to have been waived and therefore not subject to review, section 121–9(a) of the Code of Criminal Procedure has codified an exception to that general rule in instances where the alleged defect is patent, and it affects substantial rights to the satisfaction of the reviewing court in the exercise of their discretionary powers. Briefly, it may be said that the pivotal factors

[1] Sec 121–9(a) has been superseded and replaced by new Supreme Court Rule 615(a) which employs the identical language [Ill Rev Stats (1967) c 110, § 101.615(a)].

123

to be considered to determine whether or not an exercise of such discretion is warranted are, the closeness of the case, the conduct of the trial judge, the extent to which questionable evidence may have contributed to a guilty verdict, the fairness of the trial in general, and the magnitude of the errors alleged. People v. Bell, 61 Ill App2d 224, 209 NE2d 366 (1965). Cf. People v. Bradley, 30 Ill2d 597, 198 NE2d 809 (1964), People v. DeStefano, 64 Ill App2d 389, 212 NE2d 357 (1965), and People v. Rodriquez, 79 Ill App2d 26, 223 NE2d 414. We feel that the circumstances attendant on the proceedings below warrant an exercise of such discretion to review the propriety of the trial judge's denial of a hearing on the aforementioned pretrial motions.

On January 18, 1963, after return of an indictment, defendant was arraigned, counsel appointed on his behalf and a plea of not guilty entered. The case was then assigned to Judge Harewood. On February 25, 1963, defendant's wife and Oshana made motions for a change of venue, defendant not joining in such motion. It is disputed whether or not defendant, at this point, expressly waived his right to a change of venue. The motions were sustained, and the case was reassigned to Judge Fitzgerald. On April 9, 1963, defendant obtained private counsel. On May 27, 1963, defendant violated his bond. The bond was ordered forfeited and a writ of capias issued. The case was stricken from the trial docket with leave to reinstate. On October 8, 1963, the case was reinstated upon the docket and assigned to Judge Wells. Defendant was arraigned before Judge Wells and entered a plea of not guilty by a new counsel, his third since his first arraignment. On February 20, 1964, defendant changed counsel again, retaining Mr. Basvic who eventually represented him at the trial. On March 3, 1964, defendant, by counsel, filed written motions for a substitution of judges and change of venue, together with an affidavit in support thereof.

The two motions and supporting affidavit, which were accompanied by a certificate of counsel's good faith, alleged in substance (1) that defendant fears he will not get a fair trial because of prejudice on the part of Judge Wells in that the said judge, in another cause on February 3, 1964, sentenced defendant to a term of ten to twenty years in the penitentiary, (2) that knowledge of said prejudice did not come to defendant until February 3, 1964, and (3) that appropriate relief is provided under Ill Rev Stats, c 38, § 114–5(a), (b) and (c) and Ill Rev Stats, c 146, §§ 18, 21, 25, and 26. Both motions were denied without a hearing, at which time the following took place:

The Court: I don't need a reason, Counsel. The law is my reason. I say that you are not entitled to a change of venue or a substitution of judges under the law. Now, what about indictment number 63–44?

Mr. Basvic: Judge, can we go back to this? You mean we are not entitled—shouldn't we have an explanation here?

The Court: Counsel, I don't intend to explain or debate the subject with you. I made my ruling. And if you don't like it, you know what you can do.

The jury was thereafter selected and sworn on March 30, 1964, and the trial commenced the following day.

The motion for substitution of judges is one which falls within the purview of and is governed by Ill Rev Stats (1963), c 38, § 114–5(c) since defendant's motion was filed more than 10 days after his case was placed on the trial call. Subsection (c) recites:

In addition to the provisions of subsections (a) and (b) of this Section any defendant may move at

125

any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion.

The distinctions between subsections (a) and (c) are numerous and worthy of discussion for a more thorough understanding of subsection (c). As to subsection (a): (1) the motion must be filed within 10 days after a cause has been placed on the trial call of a judge, (2) it may name two judges, (3) the motion must show "prejudice" on the part of the judge/s, (4) the motion need not be verified nor be accompanied by a supporting affidavit, and (5) defendant has an absolute right to the substitution of judge/s if the statute is complied with. As to subsection (c): (1) a defendant may move at any time for the substitution by showing "cause," (2) it may name only one judge, (3) the motion must be supported by affidavit, and (4) the court must conduct a hearing on the merits of the motion if the statute is complied with, but the defendant is not thereafter entitled to an automatic substitution as in subsection (a).

The State argues that the motion was untimely and employed as a delaying tactic. We believe otherwise. The alleged prejudice emanates from the prior sentence imposed by Judge Wells on February 3, 1964. Any motion of this sort made prior to that date would have been premature. The motions were made well before the trial date then scheduled for March 20, 1964. Mr. Basvic, who represented defendant at the trial, was not defendant's attorney of record until February 20, 1964. The motions in question were filed twelve days thereafter on March 3, 1964, twenty-eight days subsequent to the date on which defendant alleges to have first become cognizant of such prejudice. The latter is of particular significance in regard to the State's contention that the motions were untimely. Subsection (c) recites that a de-

fendant may move for the substitution "at any time." Moreover, Ill Rev Stats (1963), c 146, §§ 24 and 25, regarding applications for change of venue, when read in pari materia with subsection (c), indicate, notwithstanding the strictest construction given the phrase "at any time," that a motion for a substitution is timely and not waived when made not more than thirty days after the earliest day on which knowledge of the alleged prejudice came to the applicant.

■ The record is barren of facts to support the State's accusation that "the defendant delayed trial incessantly." At no time prior to the denial of his motion did defendant make application for a continuance, substitution of judges, or change of venue so as to indicate a dilatory attitude. We do not think that his violation of the bond and changes of attorneys, alone, suffices to warrant a denial of his subsequent motion when he has, in all other respects, complied with the provisions of the statute which served as the basis of such motion.

The cases of People v. Catalano, 29 Ill2d 197, 193 NE 2d 797 (1963) and People v. Lawrence, 29 Ill2d 426, 194 NE2d 337 (1963) do not dictate a contrary conclusion as the State contends. In both cases, motions for a change of venue based on prejudice of the trial judge were denied as delaying tactics. Unlike the instant case, however, these two decisions dealt with motions made only after defendant's counsel ascertained that a lenient disposition was not available, at a conference with the judge in chambers before the trial. The court, in both cases, held that the motions had not been presented at the earliest opportunity in that they were made only after the judge had passed on substantive issues and indicated his views on the merits of the cause. Such is not the case here.

■ Defendant has in all respects complied with the requirements of subsection (c) and as such was entitled

to a hearing on the merits of his motion. People v. Ethridge, 78 Ill App2d 299, 223 NE2d 437 (1966). The motion here named only one judge. It was accompanied by both supporting affidavit and a certificate of counsel's good faith. It was filed prior to any determination of the case on the merits. The record shows no facts to evidence a waiver. The motion alleged prejudice resulting in fear of an unfair trial together with facts in support thereof; i. e., the prior sentencing by the same judge. Defendant's alleged apprehensions were not unreasonable. This was more than was required in People v. Ethridge, supra, where the court said:

> The motion did not contain detailed allegations of prejudice; it merely stated that prejudice existed. However, it is not necessary that a defendant enumerate facts to support a general allegation of prejudice . . . this can be reserved for the hearing which the court must conduct.

██ As previously noted, subsection (a) requires that "prejudice" be shown, whereas subsection (c) requires a showing of "cause" before a hearing becomes mandatory on the court. While much could be said concerning the distinction between a showing of "prejudice" and a showing of "cause," we think that any such distinction would not operate to defeat defendant's position in this particular case. The word "cause" is a generic term of broad import. It has been defined as a reason, a ground for producing a given effect, relating to a material matter, etc. The fact that defendant did not, as such, employ the word "cause" within the language of his motion is of little consequence. Certainly, an allegation of prejudice of a judge, supported by facts upon which such alleged prejudice is based, is a showing of "cause." This is further substantiated by People v. Arnold, 76 Ill App2d 269, 222 NE2d 160 (1966), where

128

the court, in sustaining a similar contention on rehearing, said:

> According to the Committee Comments this section is to be read in pari materia with Illinois Revised Statutes, 1965, chapter 146, §§ 18–35. Section 18 of chapter 146, supra, provides that it is "cause" for a change of venue when a defendant fears "that he will not receive a fair and impartial trial in the court in which the case is pending, because the judge of the court is . . . prejudiced against him. . . ." In his petition defendant alleged under oath that he could not receive a fair and impartial trial because the trial judge was prejudiced.* That allegation is the statement of "cause."

■ The State maintains that no error was committed by denying the hearing. They argue that even if the facts alleged in the motion were true, a hearing would be useless in light of Barnes v. United States, 241 F2d 252 (9th Cir, 1956) and United States v. Richmond, 178 F Supp 44 (2nd Cir, 1958). The courts there ruled that the fact that a judge has decided a former case against a litigant does not operate to serve as a basis for his disqualification in a subsequent case involving that same litigant. We disagree that such a rule obtains. The cases represent federal decisions and they are distinguishable on the facts. Neither decision was based upon this State's substantive or procedural laws. The Barnes case was a civil action. There an affidavit alleging prejudice was stricken because it was "scandalous and impertinent" in that it charged the judge with having dominated and influenced another judge against the affiant in a prior cause. The Richmond case is equally not in point. There the denial of a motion to disqualify was based solely upon the court's interpretation

of 28 USCA § 144, which involves bias or prejudice as a basis for disqualification in a federal proceeding.

Our statutory provisions authorizing a substitution of judges is to be afforded a liberal interpretation in order to permit, rather than deny, a substitution. People v. Arnold, supra. We do not feel that the Barnes and Richmond decisions affect the favorable construction given to our statute by Arnold.

Defendant was entitled to a hearing. The motion for substitution of judges was thus improperly denied. In view of our holding, it is not necessary to discuss the other contentions of defendant. Since defendant was denied the hearing, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

BURKE and BRYANT, JJ., concur.