THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFTON HAMMOND, Defendant-Appellant.

First District (4th Division)    No. 63137

Opinion filed December 15, 1976.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Leonard V. Solomon, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Clifton Hammond, was charged by indictment with the offense of unlawful use of weapons. Following a jury trial, the defendant was found guilty and sentenced to a term of one to three years in the Illinois State Penitentiary.

The issues presented on appeal are: (1) whether the prosecutor improperly made comments that were prejudicial; and (2) whether the court erred in allowing an instruction to be given to the jury concerning motive.

At trial, Officer Leonard Browning, a Chicago policeman, testified he was on patrol with a partner in the area of 13th and Millard in the City of Chicago at approximately 2 a.m. on September 28, 1974. He saw the defendant with two others walking down the street and from a distance

of 20 to 25 feet he saw the defendant had the butt end of a shotgun protruding from a jacket he was carrying. When Officer Browning and his partner exited their vehicle and announced they were policemen, the defendant dropped the bundle he was carrying. Both Officer Browning and his partner testified they saw the defendant drop the bundle. When the officers inspected the bundle they found a loaded shotgun with a barrel 11¾ inches long.

The defense presented no evidence or testimony. At the close of the trial the jury returned a verdict of guilty. The court entered a judgment on the verdict and sentenced the defendant to a term of one to three years in the Illinois State Penitentiary.

■■ The defendant contends on appeal that some comments made by the prosecutor during the course of the trial were prejudicial. We do not agree with defendant's contention. We have examined the alleged prejudicial remarks and while they may be erroneous, in view of the evidence we do not deem them to be reversible error. Reviewing the record, we find here overwhelming evidence of defendant's guilt. As the court stated in *People v. Jordan* (1974), 18 Ill. App. 3d 133, 136: "When the competent evidence shows beyond all reasonable doubt that a defendant is guilty, an error in the admission of the evidence of other offenses does not call for reversal, where as here the jury could not have reasonably found the defendant not guilty."

In the instant case the testimony of two police officers is they saw the defendant drop a bundle that contained a loaded "sawed-off" shotgun directly in front of them on a well-lit street corner. This is sufficient to uphold the verdict of the jury.

■■ Defendant's second contention is the trial court improperly allowed IPI Criminal Instruction No. 3.04. The instruction states:

"Motive is that which prompts a person to act. The State is not required to prove a motive for the commission of the crime charged."

It is clear from the record the defense counsel fought vigorously and successfully to prevent the prosecutor from introducing any evidence at all that might establish motive. The State therefore had a right to give an instruction to the jury showing it was not necessary for the State to prove motive, and the instruction was proper.

For the reasons contained herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and JIGANTI, J., concur.