THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD EDWARDS, Defendant-Appellant.

Third District   No. 74-225

Opinion filed June 8, 1977.

STENGEL, J., concurring in part and dissenting in part.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Michael B. Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Ronald Edwards, was indicted in a three-count indictment charging him with one count of burglary and two counts of unlawful use of weapons. After a jury trial Edwards was convicted of all charges and sentenced to concurrent terms of imprisonment of not less than 6 2/3 nor more than 20 years and not less than 3 1/3 nor more than 10 years for the respective crimes. Defendant appeals from his convictions and requests that both his convictions be reversed and remanded for a new trial based upon the following contentions of error:

(1). The trial court erred by failing to declare a mistrial when the prosecutor while cross-examining the defendant called the jury's attention to the inadmissible fact that a co-indictee, not called to testify and whom defendant's version had exonerated, pleaded guilty;

(2). The trial court abused its discretion by allowing the prosecution to reopen its case on the last day of trial;

(3). Reversible error occurred when the prosecutor in closing argument accused defense counsel of trickery and referred to evidence which the trial court had refused to allow the prosecutor to introduce.

(4). An unlawful search of defendant's car occurred which uncovered the weapons resulting in defendant's convictions of unlawful use of weapons.

■■■ Defendant filed the following written post-trial motion:

"Comes now the Defendant, RONALD EDWARDS, by his Attorney, PRESCOTT BLOOM, and moves this Honorable Court to grant to the Defendant a new trial, and as grounds thereof states as follows:

1. That the guilt of the Defendant was not proven by confident [*sic*] evidence beyond a reasonable doubt.

2. That the Court erred in allowing the prosecution, during closing arguments, to go beyond the bounds of fair comment on the evidence, and dwell on matters stricken or kept out of evidence as is set out in the document marked Partial Transcript of Proceedings, which is attached to the Court's file of this Motion and made a part hereof as exhibit A.

3. The Defendant further alleges any error which may appear from a reading of the entire transcript of this matter.

WHEREFORE, the Defendant prays this Honorable Court to grant him a new trial."

The main purpose served by the motion for a new trial is to provide the trial judge with an opportunity to correct alleged errors made during the trial. Consistent with this purpose errors not asserted as a ground for a new trial are waived and cannot be raised for the first time on appeal. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) Only ground numbered (2) in defendant's motion for a new trial preserved any issue for appeal. The general catch all language set out in ground number (3) of defendant's motion for a new trial has been held to be ineffective to prevent unspecified errors from being waived because they were not set out in the motion for a new trial. (See *People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784, and *People v. Witherspoon* (1975), 33 Ill. App. 3d 12, 337 N.E.2d 454, and Ill. Rev. Stat. 1973, ch. 110A, par. 366(b)(2)(iii).) Although there is an exception to this general waiver rule where the alleged defect is patent and plain error, the standard to be applied by the reviewing court in considering whether to exercise its discretionary power to review the matter was confirmed in *People v. Lagardo* (1967), 82 Ill. App. 2d 119, 123-24, 226 N.E.2d 492, 494, 21 A.L.R.3d 1360, where the court stated, "Briefly, it may be said that the pivotal factors to be considered to determine whether or not an exercise of such discretion is warranted are, the closeness of the case, the conduct of the trial judge, the extent to which questionable evidence may have contributed to a guilty verdict, the fairness of the trial in general, and the magnitude of the errors alleged."

Though all but one of the errors argued by defendant on appeal were not preserved, and are therefore waived, because of our view of that one error, properly preserved, in the motion for a new trial, we must reverse and remand.

■■ Only a brief summary of the facts relating to the issue of whether the prosecutor's comment during closing argument referring to evidence which had been excluded by the trial court need be presented to decide this case. Defendant and Robert Sneyd were arrested near the Lippsett Steel Mill Company gate and charged with burglarizing the steel mill office. Entry was gained through the roof of the office building with much scattering of the plaster from the ceiling throughout the room. Both defendant's and Sneyd's clothing were preserved by the police for use in the trial. Clothing allegedly belonging to defendant had been sent to the F.B.I. crime laboratory to be tested for plaster particles. In discovery the prosecutor furnished the defense with the results of the laboratory test showing negative results for plaster particles on those clothes. The other set of clothing allegedly belonging to Sneyd had not been tested. After the close of all the evidence the prosecutor surreptitiously sent the other set of clothing to the crime lab with the result of it testing positively for plaster particles. Over objection and just prior to closing arguments, the State was allowed to reopen its case. The court limited the evidence offered by the prosecutor to a showing, particularly through Sneyd's testimony, that the clothing labeled as defendant's which tested negative for plaster particles, was really Sneyd's. The prosecutor was prohibited by the trial court from introducing before the jury the clothing initially labeled as Sneyd's which tested "positive" for plaster particles. (*Cf. People v. Lofton* (3d Dist. 1977), 45 Ill. App. 3d 157, 359 N.E.2d 498.) During closing argument the prosecutor twice referred directly to the clothing which tested "positive" for plaster particles and indicated that they had defendant's clothing but could not bring it before the jury. After the first mention of the clothing which was not in evidence the defense objected and the court instructed the jury to "strike that from your memories," after sustaining the objection. Again the prosecutor deliberately referred to the clothing by saying, "There is no clothing to show you. It's sitting out there in that room behind you." Again the trial court sustained an objection and cautioned the prosecutor about any more talk of the clothing. The trial court refused however to grant defendant's motion for a mistrial.

■■ The prosecutor's reference to the clothing, which may have been mixed up in labeling at the police station, was highly prejudicial to defendant's theory of defense, which was demonstrated by his own exculpatory testimony, *i.e.*, his denial of any participation. Despite the State's argument that its comment during closing argument was invited

by defense counsel's own comment, we cannot justify the State's resolved attempt to make the jury aware of the clothing which allegedly belonged to defendant and which tested positive for incriminating plaster particles by deliberately again repeating the reference to the excluded clothing despite the trial judge's sustaining an objection to a similar comment only a moment earlier. Certainly this was far beyond the usual legitimate inferences from facts proved in the trial. The prosecutor's comments exceeded any response which may have been invited and were so prejudicial as to deny defendant a fair trial. (See *People v. Patterson* (1st Dist. 1976), 44 Ill. App. 3d 894, 358 N.E.2d 1164.) There is more than reasonable possibility that the argument complained of might have contributed to defendant's conviction and therefore did not constitute harmless error. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *Fahy v. Connecticut* (1963), 375 U.S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229.) The cases of *People v. Fleming* (1964), 54 Ill. App. 2d 457, 203 N.E.2d 716, and *People v. Mostert* (1976), 34 Ill. App. 3d 767, 340 N.E.2d 300, are not applicable.

Here, the evidence preserved in the record contained the self-impeached testimony of admitted "accomplice" Sneyd, wherein he implicated defendant in the burglary, but reversed his earlier testimony by claiming that clothing in evidence, which tested negative for plaster particles, was wrongly identified by him in testimony as belonging to defendant when it was really his own clothing. The testimony of defendant and Sneyd is conflicting and contradictory, thus presenting a factual issue of credibility for the trier of fact. The jury was also made aware of Sneyd's prior felony convictions and his plea of guilty to the burglary involved here. Sneyd contended that he received no consideration for his testimony from the State, but that he testified instead as a part of his program for rehabilitation. Sneyd did admit that he told his cellmate that he expected his freedom within a year. We do not believe the jury would have returned a verdict of guilty absent the clearly prejudicial and improper closing argument of the prosecutor which essentially informed the jury of incriminating evidence not allowed by the trial court into evidence.

We believe the evidence of guilt was not so overwhelming that defendant's conviction would surely have resulted absent the prosecutor's prejudicial comments that occurred. Arguing facts not in evidence which tend to incriminate a defendant as well as arguments concerning evidentiary rulings made by the trial court outside the presence of the jury contravenes the standards of fair argument. (See *People v. Gilmer* (1969), 110 Ill. App. 2d 73, 249 N.E.2d 129; *People v. Bates* (1975), 26 Ill. App. 3d 306, 325 N.E.2d 123.) We believe the prosecutor's remarks had a highly prejudicial effect in the instant case and resulted in seriously impairing the

accused's rights to a fair and impartial trial. The prejudicial effect here was such that merely cautioning the jury to disregard the prosecutor's repeated objectionable comments would not remove them from the jury's mind. We believe a mistrial would have been the only solution at the trial level to cure the objectionable remarks, the repetition of which might be considered contemptible.

For the reasons stated, the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

STOUDER, P. J., concurs.

Mr. JUSTICE STENGEL, concurring in part, dissenting in part:

I concur with the majority insofar as it holds that defendant waived alleged errors which were not set out in his motion for a new trial. However, I respectfully dissent from the majority's view that the jury's verdict must be reversed and remanded due to improper prosecutorial argument.

To begin with, the facts of this case fall squarely within the doctrine of invited response, a doctrine which Illinois has recognized for at least a quarter of a century. (See, *e.g.*, *People v. Weisberg* (1947), 396 Ill. 412, 71 N.E.2d 671, *cert. denied* (1947), 331 U.S. 826, 91 L. Ed. 1842, 67 S. Ct. 1318.) The case of *People v. Fleming* (1st Dist. 1964), 54 Ill. App. 2d 457, 203 N.E.2d 716, illustrates this doctrine. There, during closing argument, defendant's counsel posed questions to the jury as to why, *inter alia*, the prosecution had not produced a certain witness (a codefendant not on trial because of a severance). In reply the State's Attorney argued that the defense had had an equal opportunity to put the witness on the stand and pointed out that the missing party was in jail and had signed a confession. On appeal, it was held that under the circumstances these statements in reply were not error. Furthermore, other remarks by the prosecutor during final argument concerning two State's witnesses' prior consistent statements to police, while improper and erroneous, did not constitute reversible error under the doctrine of invited response.

In light of this well-settled doctrine, I cannot agree that the error in this case, if any, was prejudicial. The record demonstrates that prior to final argument both sides were aware a mix-up had occurred concerning whose clothing was sent to the F.B.I. and the State's request to show that Sneyd's clothing really belonged to Edwards and had been tested positively for plaster particles was denied upon defense counsel's objection. Since defense counsel knew that both the clothing and the positive test results would not be admitted into evidence, it was improper

for him to state rhetorically that "I want it and the State has yet to produce it—the clothing of the defendant [Edwards]." In my opinion, this statement raised an inference in the minds of the jurors that the State could not produce evidence which was essential to its case, and permitted the prosecutor to make references to the clothing during his final argument.

Although an exception to the invited response doctrine exists when a prosecutor's argument is so prejudicial as to deny a defendant a fair trial, it will not be invoked where the improper remarks do not constitute a material factor in the conviction or there is otherwise overwhelming evidence of guilt. (*People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257, *cert. denied* (1960), 364 U.S. 846, 5 L. Ed. 2d 69, 81 S. Ct. 87; *People v. Mostert* (3d Dist. 1976), 34 Ill. App. 3d 767, 340 N.E.2d 300.) In this connection, it is significant that the State was only permitted to prove that the clothes already in evidence did not belong to Edwards, and that it restricted its comments during final argument to the fact that other clothing existed without mentioning the positive test results. It seems apparent that absent some reference to these test results the fact that other clothes existed has no real importance and certainly could not have been a material factor in the defendant's conviction.

This is especially true where, as here, there was otherwise overwhelming evidence of guilt. The record indicates (1) that defendant Larson plead guilty; (2) that Sneyd implicated Edwards in the crime, received no consideration for his testimony and was corroborated in part by the testimony of a security guard; (3) that Sneyd and Edwards were apprehended together by police in the immediate vicinity of the burglary; (4) that Edwards' explanation of his presence in the area was, at best, implausible, and was directly refuted by Sneyd; and (5) that the jury was cautioned that opening and closing statements were not evidence and were to be disregarded if not based on evidence adduced at trial.

Aside from the majority's refusal to apply the invited response doctrine, I also dissent from what I perceive to be the majority's intrusion into the province of the jury. While the majority opinion correctly points out that the conflicting testimony of defendant and Sneyd was a factual issue of credibility for the trier of fact, it goes on to conclude that "the evidence of guilt was not so overwhelming that defendant's conviction would surely have resulted absent the prosecutor's prejudicial comments * * *."

I would remind the majority that the uncorroborated testimony of an accomplice, although suspect, is a sufficient ground on which the trier of fact may base a conviction. (*People v. Wilson* (1977), 66 Ill. 2d 346.) Here, as I have already pointed out, Sneyd not only testified without consideration but was corroborated to some extent by the testimony of the security guard. These circumstances, coupled with the other evidence

of record I have outlined above, indicate the overwhelming nature of the evidence against defendant. Considering this evidence in light of the fact that the test results were not revealed to the jury, it is evident to me that the majority has merely substituted its own judgment as to the weight of the evidence for that of the trier of fact.

Therefore, the prosecutor's remarks, even if erroneous, can hardly be said to have substantially prejudiced defendant's right to a fair and impartial trial. Accordingly, the error is insufficient to require reversal of the jury's verdict against defendant. *People v. Hammond* (1st Dist. 1976), 44 Ill. App. 3d 956, 359 N.E.2d 1.