THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TERRY DEAN, Defendant-Appellant.

Fifth District    No. 79-593

Opinion filed August 26, 1981.

John H. Reid and John F. Erbes, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Gaye Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:
Defendant-appellant Terry Dean was convicted of armed robbery

after a trial by jury, and was sentenced to a term of 30 years imprisonment. He appeals from his conviction and sentence, raising five issues. First, Dean contends that he was denied a fair trial because the trial court admitted into evidence a photographic array, including a police mug shot of appellant, which was submitted to the jury. Second, appellant asserts that his constitutional right to effective assistance of counsel was abridged. Third, appellant avers that the trial court erred in granting the State's motion *in limine* which precluded appellant from cross-examining the State's witnesses concerning the selection of individuals other than appellant from a pretrial lineup. Fourth, appellant maintains that the trial court abused its discretion in refusing to grant his request for a continuance. Fifth, appellant urges that his sentence is excessive and resulted from the trial court's improper consideration of matters for which he was neither charged nor proven culpable. For the following reasons we affirm the judgment of the trial court.

The appellant was charged with various criminal violations stemming from the holdup of a bus by three armed men. The bus was returning to St. Louis, Missouri, from a racetrack in Cahokia, Illinois, on the evening of April 21, 1979 when one of the three men announced a holdup, and fired a shot down the aisle of the bus. At least one of the men began collecting money from the passengers. Appellant's defense at trial was alibi, and six witnesses testified in support of this defense. Two witnesses for the State positively identified appellant as one of the men who robbed the bus and a third witness for the State testified positively to seeing Mr. Dean at the racetrack the night of the crime.

Dean's first contention of error is that the admission into evidence of a police mug shot depicting appellant as part of a photographic lineup was error. The photograph was not admitted in evidence for the purpose of showing an arrest for another offense. The photographs in the case at bar were relevant for the issue of appellant's identification by witnesses; appellant's alibi defense was grounded on a theory of misidentification, hence the photographs from which the State's witnesses made the original identification were relevant to show the manner in which the identification was made. (*People v. Maffioli* (1950), 406 Ill. 315, 322, 94 N.E.2d 191.) It is significant that the exhibit consisted of not only appellant's photograph, but photographs of 11 other black males. Thus, the exhibit was relevant in determining the weight to be given the identification testimony:

> " 'To corroborate the witness, therefore, it is entirely proper ° ° ° to prove *that at a former time,* when the suggestions of others could not have intervened to create a fancied recognition in the witness' mind, he recognized and declared the present accused to be the person.' (Emphasis in original.) (4 Wigmore, Evidence sec.

1130, at 277 (Chadbourn rev. ed. 1972).)" *People v. Rogers* (1980), 81 Ill. 2d 571, 578-79, 411 N.E.2d 223.

■■ Even were the photographs not relevant, we could hold only that the admission of the photograph constituted harmless error. Our position follows the rule recently discussed by our supreme court in *People v. Warmack* (1980), 83 Ill. 2d 112, 128-29, 413 N.E.2d 1254:

"Evidence of the prior arrest was not relevant to any matter in issue, and it should not have been made available to the jury. * * * In reviewing what we believe to be the abundant evidence of guilt, however, we have concluded that this error is harmless. We have considered the totality of the evidence presented and can safely conclude that a trial without this error would produce no different result. In this regard, we especially note that defendant's allegation of prejudice is somewhat speculative. To hold that his error is reversible would require us to presume that the jury recognized the arrest date for what it is, realized that the arrest date preceded the date of the offenses with which the defendant was charged, and then adjudicated defendant's guilt on the basis of this prior arrest rather than the evidence produced at trial. We do not believe that justice requires that this course be taken."

The alibi testimony, which the trial court at the sentencing hearing labeled "totally incredible," which the jury rejected, and which also appeared to be of recent fabrication, coupled with the positive identification by two eyewitnesses, lead to the conclusion that a different trial result would not have been reached had the photographs not been introduced into evidence.

Dean next contends that he was denied his constitutional right to effective assistance of counsel in that his trial attorney misinterpreted section 3 of the Uniform Act to Secure the Attendance of Witnesses from Within or Without the State in Criminal Proceedings (Ill. Rev. Stat. 1979, ch. 38, par. 156—3). Dean's attorney contended that the Act was only applicable to secure witnesses for the prosecution and not the defense. Appellant contends that this deprived him of crucial evidence supporting his innocence. We disagree. Appellant has not alleged that the witnesses which his attorney failed to procure would have testified that appellant was not in fact the man who committed the robbery, but only that they would testify that they could not identify appellant at the pretrial lineup. As the following excerpts from the trial transcript demonstrate, this information was in fact before the jury. On cross-examination of Henry Edwards the following colloquy ensued:

"Q. And how many witnesses—when I say 'witnesses' I mean people like yourself actually viewing the lineup—how many other witnesses were present at this lineup? * * *

A. The people that was with me, if it was any more than the four of us I didn't notice those."

On cross-examination Detective Ed Muzzey stated that "there were a total of seven witnesses there to view the lineup." In closing argument appellant's trial counsel argued that in the two lineups in which appellant was a subject, there were a total of "nine individuals who witnessed this lineup. Yet the State has produced only two of them. You might ask yourself where the other seven are. I don't think there is any question in this case that the State has not met its burden of proof beyond a reasonable doubt." Thus, the jury was aware that several other people viewed the lineup, and were not called by the State. The obvious inference, and that which appellant's trial counsel sought to raise, was that the other witnesses were unable to identify appellant at the lineup.

■■■ The standard for determining competency of trial counsel whether retained or appointed is embodied in this court's decision in *People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805. The rule is that the "defendant is entitled to a new trial 'if counsel was actually incompetent, as reflected in the performance of his duties as trial attorney, and if this incompetence produced substantial prejudice to the defendant without which the result of the trial would probably have been different.' *People v. Greer* (1980), 79 Ill. 2d 103, 120-121, 402 N.E.2d 203, 211." (*People v. Scott* (1981), 94 Ill. App. 3d 159, 163.) As the above-excerpted portions of the record indicate, the information which appellant claims was kept from the jury by his attorney's alleged incompetence was in fact before the jury for its consideration. We conclude that no substantial prejudice inured to appellant by virtue of his attorney's asserted misinterpretation of the statute. We note here that our disposition of this issue does not connote approval of any particular construction of the statute in question.

■■ Appellant's third assertion of error is that because certain testimony would not have been hearsay, the trial court erred in granting the State's motion *in limine*, which precluded defendant from cross-examining the State's witnesses concerning identifications made by other witnesses at a pretrial lineup. Appellant argues that he sought to introduce, by cross-examination, evidence that witnesses, other than those called by the State, had picked someone other than appellant out of the lineup. Hearsay is "an out-of-court statement offered to establish the truth of matter asserted therein, and resting for its value upon the credibility of the out-of-court asserter." (*People v. Rogers* (1980), 81 Ill. 2d 571, 577, 411 N.E.2d 223.) Appellant contends that the proffered statement would not have been offered to establish the truth of the matter asserted, which he contends is that the people selected were guilty, but rather would be offered to show the unreliability of the identification made by the two State's witnesses. But one witness' identification of someone other than a particular suspect

in a lineup is not probative of the unreliability of the identifications made by the State's witnesses, unless offered for the inference that the State's witnesses are wrong. To give rise to such an inference, the impeaching identification must be offered to show that because the subject picked by the other witness actually committed the crime, the suspect chosen by the State's witnesses could not have perpetrated the crime. A statement offered for such a purpose is offered for the truth of the matter asserted therein: that the one chosen by the other witness was in fact guilty. Since the evidence sought to be introduced would have consisted of the State's witnesses' testimony as to what the other witnesses said out of court, and necessarily would be offered for the truth of the matter asserted therein, the evidence was hearsay. (*People v. Rogers* (1980), 81 Ill. 2d 571, 579.) Hence, the trial court was correct in granting the State's motion *in limine*.

■■■ Appellant's penultimate contention is that the trial court abused its discretion in refusing to grant defendant's request for a continuance. In this appeal, the State contends that the defendant has waived this argument by his failure to raise this alleged error in a written post-trial motion. "The purpose served by the motion for a new trial is to provide the trial judge with an opportunity to correct alleged errors made during the trial. Consistent with this purpose, errors not asserted as a ground for a new trial are waived and cannot be raised for the first time on appeal." (*People v. Anderson* (1979), 77 Ill. App. 3d 907, 909-10, 396 N.E.2d 850.) Defendant's failure to allege in his post-trial motion that the denial of his motion for continuance was error waives this issue on appeal. This relegates appellant to contending that the failure to grant a continuance constitutes plain error. In a criminal case, the granting or denial of a continuance is committed to the discretion of the trial court. (Ill. Rev. Stat. 1979, ch. 38, par. 114—4(e).) In view of appellant's failure at trial to make an offer of proof demonstrating the probity of the absent witnesses' testimony, and because the jury was aware of the fact that several witnesses were unable to identify appellant at a pretrial lineup, there was no plain error committed at trial.

■■ Finally, appellant asserts that his sentence of 30 years for armed robbery resulted from the trial court's improper consideration of facts neither introduced at trial, nor with which appellant was charged, and which were not properly introduced and corroborated at the sentencing hearing, and that his sentence was excessive. At the sentencing hearing, the prosecutor moved to amend the presentence investigation report to reflect the fact that one of the bus riders was injured by a shot fired by one of the robbers. The prosecutor offered to call Detective Muzzey to testify that the injury occurred, and no objection was made to the prosecutor's statement that the rider was injured. We note here that it is not necessary to show that appellant actually fired the shot which wounded

the bus passenger, but only that the shot was fired during the robbery. "When a group evinces a common design to do an unlawful act and all assent, whatever is done in furtherance of that design is considered the act of all." (*People v. Muellner* (1979), 70 Ill. App. 3d 671, 681-82, 388 N.E.2d 851.) This information was properly considered at the sentencing hearing. Our supreme court has held that "a judge with the solemn responsibility of determining the punishment of the convicted is to be encouraged to hear and consider all available and pertinent information concerning the person and the crime, so as to enable him to impose a punishment which is appropriate. However, before relying on such information, the judge must determine its accuracy [citations], and he must take care to shield his mind from what might be the prejudicial effect of unreliable and other improper evidence." (*People v. Crews* (1967), 38 Ill. 2d 331, 337, 231 N.E.2d 451.) In addition, the Unified Code of Corrections provides that "[a]t the hearing the court shall * * * (3) consider evidence *and information* offered by the parties in aggravation and mitigation." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(a)(3).) Appellant does not contend that the prosecutor's statement was false or unreliable, but seeks to establish prejudice on the ground that the gunshot injury was not proved testimonially. As *Crews* and the statute indicate, formal evidentiary proof is not required at a sentencing hearing. In view of the prosecutor's offer to call Detective Muzzey, who had testified to the bus passenger's injury at the probable cause hearing, the trial court's reliance on the information was supported by reliable indications of accuracy without a hint of impropriety. The trial court's consideration of the gunshot injury was therefore not improper.

■■ Armed robbery is a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(b)), for which 30 years imprisonment is the maximum sentence. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).) The trial court found that the defendant's conduct caused serious bodily injury to another, that defendant's prior history of criminality was extensive, that defendant was on probation for the offense of aggravated battery when the offense at bar occurred, that this type of conduct on the part of the defendant is likely to re-occur, and that a sentence was necessary to deter others from committing the same crime. The court found no factor in mitigation. Under the standard set forth in *People v. Perruquet*, we find that the trial court did not abuse its discretion in sentencing appellant to 30 years imprisonment. *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and JONES, JJ., concur.