THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE E. BAILEY, Defendant-Appellant.

Second District   No. 79-10

Opinion filed November 13, 1979.

954

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin J. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, George E. Bailey, appeals from his conviction by a Winnebago County jury for armed robbery. Ill. Rev. Stat. 1975, ch. 38, par. 18—2.

At the trial Christopher Allsler testified that he was babysitting for his sister's children at a Rockford address. He heard someone at the door and when he opened the door a man stuck a gun in his face. Allsler was then forced to the floor and bound. While on the floor, he was able to see the man remove a television, speakers, and a lamp from the room. Allsler identified this intruder at a photographic showup, at a police lineup, and at trial, as the defendant.

Patricia Ellis was also at the apartment on the night of the robbery. She is the sister-in-law of Bonnie Ellis, who is Allsler's sister. She had planned to go out with Bonnie, but decided instead to stay with Allsler. Patricia fell asleep on the couch and she awoke when she heard a commotion and saw a man holding a gun on Allsler. She was then bound. She saw the intruder move a television set into the hallway. Ellis also identified the intruder, at a photographic showup, a police lineup, and at trial, as the defendant.

The defendant presented five witnesses. Lydia Mae Smith, Bailey's girlfriend, testified that she went to a movie with the defendant on the evening in question. The movie ended at 9 p.m. and the couple then went

to pick up the defendant's mother at work, but she had already left. Bailey and Smith then went to Bailey's mother's house. Bailey left the house at about 11 p.m. and returned at approximately 1 a.m. On cross-examination the prosecutor asked Smith if she slept with Bailey when he returned that night.

The defendant's mother testified that on the evening in question a friend, Frank Wright, picked her up from work. At about 11 p.m. she and Wright went to the Tuxedo Club where they stayed until about 1 a.m. They returned home at about 1:10 or 1:15, arriving at the same time as the defendant. On cross-examination, Mrs. Bailey was asked a number of questions as to why Frank Wright was at her home that evening.

George Bailey took the stand in his own behalf. He testified that he and Smith went to a movie. After the movie the couple returned to the Bailey home. At about 11 p.m. the defendant left, alone, went to a friend's house, and had a few drinks. He then went to a bar with some friends for a few more drinks. He returned home at 1:30 a.m.

The defendant further testified that he knew James Ellis—Bonnie Ellis' husband. Bailey had been to the Ellis apartment on prior occasions, but denied being there on the date in question. On the day following the robbery, he saw James Ellis and Patricia Ellis and spoke with them for a few minutes. Patricia Ellis denied that any such meeting took place.

Frank Wright testified as to substantially the same facts as Mrs. Bailey. On cross-examination he was asked how close he and Mrs. Bailey were and if he was married.

Loretta Stockwell testified that she and some friends were drinking in a bar on the night in question. The defendant arrived at approximately 8:30 p.m. and stayed until about 11:30 p.m.

After hearing the above summarized evidence and the closing arguments of counsel, the jury found the defendant guilty of armed robbery. The defendant filed a post-trial motion setting forth only the following general grounds:

"1. That the verdict against the defendant and in favor of the plaintiff is contrary to the law.

2. The verdict against the defendant and in favor of the plaintiff is contrary to the evidence.

3. The verdict against the defendant and in favor of the plaintiff is contrary to the law and the evidence.

4. The verdict is against the evidence.

5. The verdict is against the manifest weight of the evidence.

6. The court improperly refused to admit instructions tendered by the defendant.

7. The court erred in admitting improper evidence and erred in overruling the objections of the defendant."

This motion was denied. At a subsequent hearing, defendant was sentenced to a term of six to 18 years. Defendant appeals.

■■ ■ Defendant contends that the prosecutor's cross-examination of defense witnesses suggesting immoral conduct on the part of witnesses and the defendant denied the defendant a fair trial. As noted above, however, this contention was not raised in defendant's post-trial motion. The question thus presented is whether it may be raised before this court on appeal.

Section 116—1 of the Code of Criminal Procedure provides:

"(a) Following a verdict or finding of guilty the court may grant the defendant a new trial.

(b) A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be served upon the State.

(c) The motion for a new trial shall specify the grounds therefor." (Ill. Rev. Stat. 1975, ch. 38, par. 116—1.)

Generally, the failure to raise an issue in a written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) The rationale for this waiver rule is to require a defendant to specifically inform the trial court of an alleged error to give the court an opportunity to correct that error. (*People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649.) In *People v. Edwards* (1977), 49 Ill. App. 3d 79, 81, 363 N.E.2d 935, the post-trial motion gave one specific ground for reversal, but also contained the "catch all" ground of "any error which may appear from a reading of the entire transcript of this matter." On the authority of *People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784, and *People v. Witherspoon* (1975), 33 Ill. App. 3d 12, 337 N.E.2d 454, the *Edwards* court held that such general language was ineffective to preserve unspecified claims of error.

While neither *Edwards, Rogers,* nor *Witherspoon* present the exact situation here wherein *all* grounds urged for a new trial were so general as to be virtually meaningless, we see no reason why the post-trial motion in this case should be treated any differently. We find that the post-trial motion here is so general as to defeat the purposes envisioned by section 116—1. However, pursuant to Supreme Court Rule 615(a), we will examine defendant's substantive contention to see if it constitutes plain error or a defect affecting a substantial right. Ill. Rev. Stat. 1977, ch. 110A, par. 615(a).

Defendant contends that the prosecutor's cross-examination of defense witnesses which suggested immoral conduct was prejudicial and was not relevant or probative. Specifically the defendant points to:

— a question as to whether the defendant's girl friend slept with him on the night in question.

— the questioning of the defendant's mother as to whether defendant and his girl friend slept together.

— the questioning of the defendant's mother as to what Frank Wright was doing at her home.

— the cross-examination of Wright as to the closeness of his relationship with Mrs. Bailey and if he was married.

Defendant cites the case of *People v. Liapis* (1972), 3 Ill. App. 3d 864, 279 N.E.2d 368, for the proposition that continued attempts to introduce evidence of sexual immorality is improper. In *People v. Butler* (1974), 58 Ill. 2d 45, 317 N.E.2d 35, our supreme court was harshly critical of attempts to impeach witnesses with suggestions of immorality. In that case, however, the error was found to be harmless beyond a reasonable doubt.

The State attempts to justify the relevance of its cross-examination on the basis of credibility testing. If there were a single isolated instance at issue here, we might find this argument persuasive. Instead the record reveals an unmistakable pattern of improper cross-examination of the type criticized in *Butler*.

■■ However, we do not find this to be plain error justifying reversal of the jury's verdict. The defendant was positively identified by two eyewitnesses. Moreover, the testimony of defendant's alibi witnesses place him in different places at the same time. We find any discrepancies concerning what clothing the defendant was wearing or his height were minor and in no way were sufficient to overcome the overwhelming evidence of defendant's guilt.

Accordingly, the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

GUILD, P. J., and NASH, J., concur.