THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEPHEN BUCKNER, Defendant-Appellant.

Fourth District   No. 4—91—0033

Opinion filed September 30, 1991.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's
Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle,
Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Stephen Buckner, indicted for murder, was convicted of involuntary manslaughter for the stabbing death of Keith Stefanick and sentenced to 10 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 9—3.) Defendant appeals, contending he was denied a right to present a defense based on excluded evidence of the decedent's HIV-positive status, which would have corroborated his claim of justifiable use of deadly force to prevent commission of the forcible felony of criminal sexual assault. We affirm.

On the morning of January 19, 1990, the defendant and two other men were together in the defendant's apartment drinking and listening to music. When the decedent telephoned defendant's apartment, defendant handed the phone to one of the other men. Defendant stated he had not wanted to be bothered by the decedent, who had in the past persistently called or stopped by defendant's apartment unannounced and expressed a desire to be defendant's lover. Shortly thereafter, the decedent showed up uninvited at defendant's apartment and apparently walked in. All four men present in defendant's apartment were either homosexual or bisexual. The decedent and the defendant had a conversation which the other witnesses were not able to hear. Defendant did not want the decedent at his apartment, but he did not try to forcibly remove him because he did not want to make a scene. Each of the two witnesses testified decedent followed the defendant into the bedroom, and when the decedent emerged, he started to put on his coat as if to leave, but then apparently changed his mind and made himself another drink.

Defendant testified that while in the bedroom, decedent accused him of planning to have sex with the two other men. Defendant told the decedent he had the wrong idea and told him to leave. Defendant then left the bedroom and went to the bathroom. He thought decedent was leaving, but instead decedent followed him to the bathroom and—according to defendant—"got persistent about this sex thing." Decedent said, "Well, you are going to whether you like it or not." Defendant left the bathroom and went into the kitchen. Decedent never touched defendant in the bedroom or the bathroom, and defendant never told the other two men that decedent was pressing him for sex. Defendant never claimed he perceived decedent's remark as a threat.

Defendant testified the decedent followed him into the kitchen and grabbed defendant's genitals. Defendant pushed the decedent backward four or five feet, but then noticed decedent looking at the

block of kitchen knives as he moved toward defendant. Defendant grabbed a knife and held it out, and decedent came right at him. The next thing defendant knew, there was body contact with the knife. Defendant had picked up the knife to scare decedent and make him leave, and had not intended to hurt him. This single knife wound caused decedent's death.

Prior to trial, the circuit court granted the State's motion *in limine* barring disclosure of the postmortem finding that decedent was infected with the HIV virus or testimony as to other witnesses' suspicions decedent was so infected unless defendant submitted an offer of proof on its relevancy. Defendant argued the HIV evidence was relevant to the issue of self-defense in showing defendant's state of mind, *i.e.*, he reasonably believed the decedent was infected with HIV and this belief corroborated his fear of a sexual assault by the decedent, which in turn necessitated the use of deadly force to prevent a forcible felony. The defendant referred to the statute on criminal transmission of HIV (Ill. Rev. Stat. 1989, ch. 38, par. 12—16.2)—in passing—as evidence of a forcible felony, but focused primarily on the possibility of sexual assault as the forcible felony (see Ill. Rev. Stat. 1989, ch. 38, pars. 12—13(a)(1), (b)). With the exception of defendant's prospective testimony that the decedent grabbed the defendant's genitals through his clothing while defendant was in the kitchen, defendant submitted no offer of proof his actions were in prevention of the forcible felony of sexual assault. The defendant's theory in offering proof against the motion *in limine* was essentially that his suspicion the decedent carried the infectious virus corroborated his fear of a sexual assault and thereby justified the use of deadly force to prohibit any possible further physical contact by decedent. In granting the motion *in limine*, the court made clear defendant was *not* prohibited from eliciting any evidence of sexual overtures or advances by the decedent.

The State first argues defendant's motion for a new trial lacks the specificity of grounds required to preserve a challenge to the ruling on the motion *in limine* pursuant to section 116—1(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 116—1(c)). The State takes exception to defendant's post-trial motion, reading in pertinent part as follows:

> "1. That the Court improperly refused to admit evidence on behalf of the Defendant which showed that the deceased, KEITH STEFANICK, a/k/a KEVIN MCHENRY, tested positive for the HIV virus, had shown visible signs of infection with

the HIV virus, and that the Defendant, STEVEN BUCKNER, believed that the deceased was infected with the HIV virus.

2. That this evidence would have been relevant to the issue as to whether the Defendant's use of deadly force to prevent an attack was reasonable, and whether the Defendant's initial procurement of the weapon was justified."

■ The State claims defendant's allegations of error are impermissibly broad and nonspecific and are therefore waived, citing *People v. Bailey* (1979), 77 Ill. App. 3d 953, 404 N.E.2d 258. In that case, the court found the post-trial motion, alleging only that " '[t]he court erred in admitting improper evidence,' " so general as to be meaningless. (*Bailey*, 77 Ill. App. 3d at 955, 404 N.E.2d at 259.) In this case, defendant has asserted specific grounds of error (excluded evidence of decedent's HIV status and its relevance to the issue of self-defense). Therefore, the issues presented in the post-trial motion are preserved for review.

■ In determining whether the excluded evidence was relevant to any facts elicited at trial or to defendant's claim of self-defense, a review of the pertinent statutes is in order.

"Use of Force in Defense of Person. A person *** is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent *** the commission of a forcible felony." Ill. Rev. Stat. 1989, ch. 38, par. 7—1.

" 'Forcible felony.' *** [M]eans *** criminal sexual assault, *** aggravated battery resulting in great bodily harm *** and any other felony which involves the use or threat of physical force or violence against any individual." Ill. Rev. Stat. 1989, ch. 38, par. 2—8.

"Aggravated Battery. ***

(b) A person who, in committing a battery, commits aggravated battery if he either:

(1) Uses a deadly weapon other than by the discharge of a firearm." Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1).

"Criminal Sexual Assault. (a) The accused commits criminal sexual assault if he or she:

(1) commits an act of sexual penetration by the use of force or threat of force." (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(1).)

The affirmative defense of use of force in defense of person is properly raised by a showing of some evidence as to all the elements of the defense. See *People v. Torres* (1977), 47 Ill. App. 3d 101, 361

N.E.2d 803; *People v. Adams* (1969), 113 Ill. App. 2d 205, 252 N.E.2d 35.

At trial, defendant's theory of the case focused both on accident or justifiable use of force to prevent commission of a felony, but he did not identify the forcible felony prevented. At the instruction conference, defense counsel claimed his theory of self-defense was based on the forcible felony of aggravated battery—rather than on criminal sexual assault. The jury received instructions on aggravated battery, self-defense in prevention of a forcible felony and the definition that " 'forcible felony' means aggravated battery." There was no request by defendant for a jury instruction that a forcible felony includes criminal sexual assault. None of the testimony from any of the witnesses at trial supported the notion the decedent was acting in commission of either aggravated battery or criminal sexual assault.

■ Absent a showing of some evidence of a manner of transmission to defendant such as criminal sexual assault, decedent's HIV status and defendant's belief decedent was infected, reasonable or otherwise, was not relevant. Absent some evidence defendant subjectively believed he was in danger of being the victim of the forcible felony of sexual assault, the HIV evidence was irrelevant. Since defendant's belief the decedent was infected with the HIV virus in itself creates no necessity or legal justification for the use of deadly force absent criminal conduct which might transmit the virus, the decedent's HIV status has no relevance to any issue of self-defense. Defendant at no time claimed he believed a forcible sexual assault was initiated or threatened by decedent. Therefore, he could not have believed he was in danger of having the HIV virus transmitted to him by decedent's commission of the battery of grabbing defendant's groin. Had defendant shown he reasonably believed he was in danger of a criminal sexual assault by decedent, and the jury found the evidence credible, this would have constituted a complete defense. See Ill. Rev. Stat. 1989, ch. 38, pars. 7—1, 2—8, 12—13(a)(1).

A trial court's evidentiary findings will not be disturbed unless manifestly against the weight of the evidence. (*People v. Cheek* (1982), 93 Ill. 2d 82, 94, 442 N.E.2d 877, 882.) Where the relevance of evidence depends on inferences which have no foundation in the evidence, such evidence is inadmissible. (*People v. Jones* (1982), 108 Ill. App. 3d 880, 884, 439 N.E.2d 1011, 1015; *People v. Newbury* (1972), 53 Ill. 2d 228, 290 N.E.2d 592.) The inference defendant now argues on appeal—that the excluded HIV evidence supported his belief he was in danger of a criminal sexual assault—is not supported by the evidence. At trial defendant never claimed this was the forcible felony

he sought to prevent. The ruling on the motion *in limine* precluded reference to the decedent's infectious status but did not preclude use of all the evidence for a self-defense theory based on commission of the forcible felony of criminal sexual assault.

Instead, defendant focused on the theory the stabbing was accidental or in self-defense of an aggravated battery, and the jury determined by its verdict of involuntary manslaughter that defendant was not lawfully justified in his use of deadly force. Defendant's proposed self-defense theory is an attempt to elevate decedent's infectious status to a justification for the use of deadly force, in lieu of conduct by decedent engendering a reasonable belief that such force was necessary. There is no such legal defense. Decedent's HIV status was not shown to be relevant, and its exclusion was proper.

The decision of the Sangamon County circuit court is affirmed.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.